2003 ND 172

**Robert Stanley LITOFF, Plaintiff and Appellant,**

v.

**Helen PINTER, Defendant and Appellee.**

No. 20030074.

Supreme Court of North Dakota.

Nov. 13, 2003.

Thomas V. Omdahl, Omdahl Law Office, Grand Forks, for plaintiff and appellant.

Patti J. Jensen, Galstad, Jensen & McCann, East Grand Forks, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Robert Litoff appealed from an order denying his motion to reinstate visitation with his daughter and ordering him to pay attorney fees. We affirm the order denying reinstatement of visitation, but remand for reconsideration of the award of attorney fees and for consideration of Helen Pinter's request for attorney fees for this appeal.

I

[¶ 2] Robert Litoff and Helen Pinter were married and have one daughter, who was born in 1988. Litoff and Pinter separated in 1989 and their marriage was annulled by a Texas court on August 21, 1990. Litoff and Pinter were named joint managing conservators of the child, with Pinter having primary custody and Litoff having extensive visitation.

[¶ 3] In May 2001, Pinter received permission from the Texas court to move with the child to North Dakota, where Pinter's new husband had been transferred by the military. During the summer of 2001, the child spent several weeks with Litoff traveling throughout the Midwest, staying in hotels.

[¶ 4] When the child began school in August 2001, she reported to school authorities that her father had on numerous occasions during their summer vacation masturbated in her presence in their hotel room and had made inappropriate comments to her about her body. School officials reported the incidents to Grand Forks County Social Services, which investigated the allegations and found that there were risk factors for sexual abuse and that services for protection were required. Litoff appealed and a hearing was held before an administrative law judge ("ALJ"). The ALJ found that incidents had occurred but that they constituted neglect, not sexual abuse, and concluded that services were required. The ALJ found Litoff believed his daughter was asleep and unaware of his masturbation. Litoff did not appeal the decision of the ALJ in the administrative process. Evidence of the ALJ's decision was submitted at the hearing on Litoff's motion to reinstate visitation.

[¶ 5] In July 2002, the Texas court granted Pinter's petition to modify visitation, and suspended all visitation between Litoff and the child. Litoff was ordered to submit to a psychological exam by a psychologist or psychiatrist approved by the court before any visitation would be allowed. On October 1, 2002, the Texas court entered another order suspending Litoff's visitation until he submitted to a psychological exam with a psychiatrist approved by the court. On October 3, 2002, the Texas court transferred jurisdiction to North Dakota.

[¶ 6] In November 2002, Litoff filed a motion in North Dakota district court to establish a visitation schedule. In his affidavit in support of the motion Litoff referenced a Texas order from April 2002 which allowed visitation, but did not mention the subsequent Texas orders which had suspended all visitation between Litoff and his daughter. At the hearing on Litoff's motion, the court heard evidence that Litoff had on numerous occasions masturbated while his thirteen-year-old daughter was in

the same room, and had commented to her that her hips were getting wider and her breasts were getting bigger. There was also evidence that Litoff in writing and in telephone calls pressured his daughter to recant her allegations and threatened to disinherit her if she did not change her story. The psychologist who had been counseling the child testified that the child had suffered emotional harm from her father's conduct and recommended that no further visitation occur until the child agreed to it.

[¶ 7] Litoff presented the result of a psychological exam he had undergone, which indicated Litoff did not pose an immediate danger but was unstable and might become unpredictable. The psychologist further stated Litoff suffered from paranoia, mixed personality disorder, and other psychological deficits. The report recommended that Litoff submit to an exam by a psychiatrist.

[¶ 8] The trial court found that visitation at this time would be harmful to the child's mental, emotional, and physical health. The court ordered that visitation would remain suspended until Litoff completed the services required by Social Services, including a psychiatric report and an assessment for a sexual offender treatment program. Litoff was also ordered to pay $2,000 in attorney fees to Pinter.

## II

[¶ 9] Litoff argues the trial court's determination suspending his visitation rights is clearly erroneous. He specifically challenges the trial court's finding that visitation would be likely to endanger the child's physical or emotional health.

[¶ 10] Visitation is governed by N.D.C.C. § 14-05-22(2):

After making an award of custody, the court shall, upon request of the noncustodial parent, grant such rights of visita-

tion as will enable the child and the noncustodial parent to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health.

[¶ 11] A trial court's decision on visitation is a finding of fact and will not be reversed on appeal unless it is clearly erroneous. *Krank v. Krank*, 2003 ND 146, ¶ 16, 669 N.W.2d 105; *Lawrence v. Delkamp*, 2003 ND 53, ¶ 12, 658 N.W.2d 758. A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after review of the entire evidence, we are left with a definite and firm conviction a mistake has been made. *Hogan v. Hogan*, 2003 ND 105, ¶ 6, 665 N.W.2d 672.

[¶ 12] Litoff argues that visitation between a child and the noncustodial parent is presumed to be in the best interest of the child. *See, e.g., Montgomery v. Montgomery*, 2003 ND 135, ¶ 22, 667 N.W.2d 611. Our statutes and caselaw, however, clearly recognize that visitation with a noncustodial parent may be curtailed or eliminated entirely if it is likely to endanger the child's physical or emotional health. *See* N.D.C.C. § 14-05-22(2); *Negaard v. Negaard*, 2002 ND 70, ¶ 13, 642 N.W.2d 916; *McDowell v. McDowell*, 2001 ND 176, ¶ 28, 635 N.W.2d 139.

[¶ 13] The trial court specifically found that visitation with Litoff would be harmful to the child's physical and emotional health. The record contains ample evidence to support that finding. There was evidence that Litoff had on numerous occasions masturbated in bed while his thirteen-year-old daughter was in the same room. Litoff made sexually inappropriate comments to his daughter about her body. There was evidence that Litoff pressured

his daughter to recant her allegations, and threatened to refuse to pay for her college education and disinherit her if she did not change her story. The child's psychologist testified in detail about the emotional harm suffered by the child resulting from Litoff's conduct, and recommended no further visitation until the child agreed to it.

[¶ 14] Litoff alleges the trial court improperly placed the question of visitation into the hands of the child. *See Montgomery v. Montgomery*, 2003 ND 135, ¶ 22, 667 N.W.2d 611; *Sevland v. Sevland*, 2002 ND 110, ¶ 10, 646 N.W.2d 689. The trial court held that visitation would be "considered as a viable alternative" only after Litoff completed all of the services required by Social Services to the satisfaction of the court. The court further indicated it would then consider only supervised visitation, "and only to the extent that [the child] wants to have contact with her father." The language of the court's order clearly contemplates a further hearing before a resumption of visitation will be considered. Under these circumstances, we find it unnecessary to address this issue on this appeal.

[¶ 15] We conclude that the trial court's findings of fact on visitation are not clearly erroneous.

### III

[¶ 16] Litoff argues the trial court abused its discretion in awarding attorney fees to Pinter.

[¶ 17] The court in its order stated Pinter had "suffered considerable expense in this proceeding, and the court will award $2,000 in attorneys fees" to Pinter. The court gave no further explanation of the basis for the award. On appeal, Litoff argues the award of attorney fees was inappropriate because his motion was not frivolous under N.D.C.C. § 28–26–01(2). Pinter contends the award of attorney fees

may be upheld under that statute because Litoff's motion was frivolous, or under N.D.C.C. § 14–05–23, which authorizes the trial court to award attorney fees at any time a divorce action is pending.

[¶ 18] We are unable to discern from this record the basis for the trial court's award of attorney fees. If the court was acting under N.D.C.C. § 28–26–01(2), it appears the award was inappropriate. That statute allows the court to award attorney fees if a claim for relief is frivolous, but only if "the prevailing party has in responsive pleading alleged the frivolous nature of the claim." Pinter has not drawn our attention to, and we have not found, any responsive pleading in which Pinter alleged Litoff's motion was frivolous.

[¶ 19] If the court was acting under N.D.C.C. § 14–05–23, it is not apparent from this record that the court considered the appropriate factors in awarding attorney fees. In deciding whether to award attorney fees in a divorce action under N.D.C.C. § 14–05–23, "the court must balance the parties' needs and ability to pay, and should consider the property owned by each, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party unreasonably increased the time spent on the case." *McDowell v. McDowell*, 2001 ND 176, ¶ 36, 635 N.W.2d 139. The trial court did not address any of these factors when it ordered payment of attorney fees.

[¶ 20] Because we are unable to discern the basis for the trial court's award of attorney fees, we remand for reconsideration of the award of attorney fees in light of this opinion.

### IV

[¶ 21] Pinter has requested an award of attorney fees for this appeal under N.D.C.C. § 14–05–23, and requests that we remand for the trial court to make an

initial determination of attorney fees. We have often expressed our preference to have the trial court initially address the issue of attorney fees for an appeal because the trial court is generally in a better position to weigh the relevant factors. *See, e.g., Berg v. Berg,* 2002 ND 69, ¶ 20, 642 N.W.2d 899. Accordingly, we direct the trial court to consider on remand Pinter's request for attorney fees for this appeal.

### V

[¶ 22] We affirm the order denying Litoff's motion to reinstate visitation, but remand for reconsideration of the award of attorney fees and for consideration of Pinter's request for attorney fees for this appeal.

[¶ 23] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.