2004 ND 227

**Elizabeth M. GIBB, f/k/a Elizabeth M. Sepe, Plaintiff and Appellee,**

v.

**Francis J. SEPE, Defendant and Appellant.**

**No. 20040211.**

Supreme Court of North Dakota.

Dec. 17, 2004.

Wayne T. Anderson, Fargo, ND, for plaintiff and appellee.

Maureen Holman, Serkland Law Firm, Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Francis Sepe appeals from the district court's denial of his motion to terminate his spousal support obligation and award of attorney fees to Elizabeth Gibb (f/k/a Elizabeth Sepe). We affirm the denial of the motion to terminate spousal support and reverse the award of attorney fees.

I.

[¶ 2] Sepe and Gibb were married in 1976 and divorced in 1996. They have two children, both of whom have reached the age of majority. At the time of the divorce Gibb worked as a learning disabilities specialist at North Dakota State University and earned approximately $17,542 annually. Sepe was a physician with the Fargo Clinic and earned approximately $213,341 annually. They led a fairly conservative lifestyle, owning a home worth $145,000, driving older vehicles, and seldom taking vacations.

[¶ 3] The parties stipulated the terms of their divorce in a Marital Termination Agreement. They agreed Sepe would pay Gibb spousal support of $1,000 per month until both children graduated from high school. At that time Sepe was to pay $3,000 per month until Gibb reached the age of 65 unless she had remarried. If Gibb remarried, support was to remain at $1,000 per month until she was 65. The agreement specifically stated spousal support would not terminate upon Gibb's remarriage. The terms of the agreement were incorporated into the divorce judgment.

[¶ 4] Gibb remarried in 2000. It is undisputed that she and her current husband enjoy a comfortable lifestyle. Their 2002 income tax returns showed combined income of $528,815. Gibb drives a newer vehicle, lives in a larger home, and has taken numerous vacations with her husband. She continues to work at NDSU, but is now a part-time employee working 20 hours per week and earning around $20,000 annually. She also owns investment property with her husband; that property generated income of $259,884 in 2002.

[¶ 5] Sepe has also remarried since the divorce. He now drives newer vehicles and lives in a larger house. His income has increased and was $349,000 in 2003.

[¶ 6] Sepe filed a motion to terminate his spousal support obligation on December 21, 2003, arguing there was a material change in Gibb's circumstances and spousal support was no longer necessary or proper. A hearing was held in front of Referee John Dietz on February 11, 2004. Referee Dietz denied Sepe's motion to terminate his support and awarded Gibb attorney fees of $1,000. Judge Norman Backes reviewed the case and affirmed the referee's decision. Sepe appealed.

## II.

[¶ 7]  A district court retains jurisdiction to modify a spousal support award as long as the award continues. *Meyer v. Meyer*, 2004 ND 89, ¶ 5, 679 N.W.2d 273.  A spousal support award may be modified when there has been a material change in circumstances, and the party seeking modification bears the burden of proving such a change. *Id.* A material change is a change that substantially affects the parties' financial abilities or needs and was not contemplated by the parties at the time of the initial decree. *Id.* A district court's determination of whether there has been a material change is a finding of fact and will not be reversed on appeal unless it is clearly erroneous. *Id.* A finding is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or this Court, upon review of all the evidence, is left with a definite and firm conviction a mistake has been made. *Id.*

[¶ 8]  The parties agreed on Gibb's spousal support award at the time of their divorce.  This Court encourages agreements between divorcing parties and has stated a stipulated support amount should be changed "with great reluctance by the trial court." *Meyer*, 2004 ND 89, ¶ 8, 679 N.W.2d 273 (quoting *Toni v. Toni*, 2001 ND 193, ¶ 11, 636 N.W.2d 396).  However, this Court has also recognized that even stipulated awards can be modified upon a showing of a material change in circumstances. *Meyer*, at ¶ 8. Sepe had the burden of proving a material change in circumstances justifying termination of his support obligation.

[¶ 9]  Sepe argues a material change in Gibb's circumstances occurred when she remarried a man with high income and assets.  He does not claim the parties did not anticipate that she would remarry, but rather they did not expect her to remarry

"so well."  He argues the parties did not expect she would remarry a man whose earning potential was as high as or higher than Sepe's.  The referee found: "[t]he Court finds that the parties clearly agreed that spousal support would continue after [Gibb] remarried.  It was clearly anticipated that [Gibb] would remarry.  The continuation of spousal support was not contingent upon whether [Gibb] married 'well' or 'poorly.' "  This contemplated change was taken into consideration by the district court when it adopted the parties' stipulation and fashioned its original divorce decree.

[¶ 10]  There is no doubt Gibb's circumstances have improved as a result of her remarriage.  She lives in a larger home, takes more vacations, and is the joint owner of a lucrative commercial property.  However, her wages have increased only slightly, while Sepe's have increased significantly.  Much of Gibb's lifestyle is supported by her current husband.  Sepe has not met the burden of proving Gibb's remarriage was an unanticipated change that substantially affected her financial abilities.  He has not shown any decrease in his ability to pay.  The district court's decision to leave Sepe's spousal support obligation in place was not clearly erroneous.

## III.

[¶ 11]  A district court has discretion to award attorney fees under N.D.C.C. § 14–05–23, and this Court will not overturn an award unless it finds the district court abused its discretion. *Jorgenson v. Ratajczak*, 1999 ND 65, ¶ 16, 592 N.W.2d 527 (quoting *Bakes v. Bakes*, 532 N.W.2d 666, 669 (N.D.1995)).  A district court should consider the needs and abilities of the parties to pay when making an award of attorney fees. *Id.* A district court abuses its discretion when it acts in

an arbitrary, unreasonable, or unconscionable manner. *Jorgenson*, at ¶ 17.

[¶ 12] The referee awarded $1,000 in attorney fees to Gibb. Sepe argues this amount was not supported by the evidence, and Gibb should have been required to submit an affidavit showing how the fees were incurred. He further argues Gibb did not demonstrate her inability to pay her attorney fees. The referee did not make any findings of fact to support the award. The district court, without any findings on Gibb's ability to pay, found the referee did not abuse his discretion.

[¶ 13] This Court has stated that when one party seeks attorney fees of more than a token amount, the request should be accompanied by an affidavit documenting the work performed. *Jorgenson*, 1999 ND 65, ¶ 26, 592 N.W.2d 527 (citing *First Trust Co. v. Conway*, 423 N.W.2d 795, 796–97 (N.D.1988)). Attorney fees of $1,000 is more than a token amount; Gibb should have submitted an affidavit stating the work performed by her attorney.

[¶ 14] Gibb also did not demonstrate an inability to pay her own attorney fees. While her wage income is not substantial, she is the joint owner of a profitable commercial property. There is nothing in the record to indicate Gibb is unable to pay her attorney fees. Because no affidavit documenting work performed was submitted, no need shown, and no findings made explaining the basis for the award, we find the district court abused its discretion and we reverse the award of attorney fees.

## IV.

[¶ 15] We hold the district court did not err in determining Sepe had not met his burden of proving a material change in circumstances such that his spousal support obligation should terminate, and affirm the denial of his motion to terminate spousal support. We further hold the dis-

trict court abused its discretion in awarding Gibb attorney fees when no affidavit was submitted documenting Gibb's need or the work performed and reverse the award of attorney fees.

[¶ 16] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., BRUCE A. ROMANICK, D.J., concur.

[¶ 17] The Honorable BRUCE A. ROMANICK, D.J., sitting in place of MARING, J., disqualified.