2006 ND 65

Patricia J. ROTHBERG, Plaintiff, Appellee and Cross–Appellant

v.

Charles S. ROTHBERG, Defendant, Appellant and Cross–Appellee.

No. 20050198.

Supreme Court of North Dakota.

March 29, 2006.

LaRoy Baird III (argued) and Bonnie L. Storbakken (on brief), LaRoy Baird, P.C., Bismarck, N.D., for plaintiff, appellee and cross-appellant.

Scott K. Porsborg, Smith Bakke Porsborg & Schweigert, Bismarck, N.D., for defendant, appellant and cross-appellee.

SANDSTROM, Justice.

[¶ 1] Charles Rothberg has appealed from an order denying his motion to modify his spousal support obligation under a divorce judgment. Patricia Rothberg cross-appealed, alleging the district court erred in failing to award attorney fees to her. We reverse and remand, concluding the district court's findings of fact lacked sufficient specificity to allow this Court to discern the factual basis for the court's determinations, and the district court failed to consider the appropriate legal standards when it denied Patricia Rothberg's request for attorney fees.

I

[¶ 2] Charles Rothberg and Patricia Rothberg were married in 1979 in Canada and subsequently adopted three children. At the time of the parties' divorce in 2001, he was employed as a neurosurgeon at St. Alexius Medical Center in Bismarck. His written employment contract with St. Alexius ran through June 2003, and he was paid $400,000 per year plus additional compensation for excess call coverage. The parties' total income in 2001 was $483,822.

[¶ 3] Patricia Rothberg brought this action for divorce in May 2001. The parties entered into a settlement agreement awarding custody of the children to her with liberal visitation to him, and providing that he would pay child support. The agreement also divided the parties' property and required him to pay spousal support to her for ten years following the divorce. Under the terms of the agreement, he was required to pay $3,600 per

month in spousal support for the first three years and then $5,000 per month for the remainder of the ten-year term. The parties' agreement was incorporated into the judgment of divorce entered on August 20, 2001.

[¶ 4] In 2002, St. Alexius made an offer to Charles Rothberg for further employment at a salary of $267,000 per year. He declined the offer, and his contract with St. Alexius was not renewed when it expired in June 2003. Since that time he has been working as a locum tenens, accepting short-term temporary assignments through a placement firm. He travels around the country to these temporary neurosurgery assignments approximately two to three weeks per month, and returns regularly to his home in Bismarck to exercise visitation with the two remaining minor children. In 2004, he earned $200,819 from his locum tenens work. In addition, he received a $50,000 payment in 2005 for work that had been performed in 2004.

[¶ 5] In March 2005, Charles Rothberg moved for a reduction in his spousal support obligation, claiming the nonrenewal of his St. Alexius employment contract and resulting reduction in income was a material change in circumstances warranting modification of spousal support. He claimed his income had been involuntarily reduced from over $400,000 to $200,000, and he was unable to find other employment in Bismarck that would approximate his prior salary. He claims that he accepted every locum tenens assignment offered to him in 2004, and that his spousal obligation should be based upon his 2004 income.

[¶ 6] In response to the motion, Patricia Rothberg alleged Charles Rothberg had turned down a position in Toledo, Ohio, that would have paid him $350,000 per year. She also alleged that, despite his claims of financial hardship, he had

since the divorce spent inordinate amounts of money on luxury items, including an SUV, a car, two motorcycles, firearms, and model trains. He also purchased a house in Bismarck for $256,000 after the divorce.

[¶ 7] The district court found Charles Rothberg had failed to prove a material change in circumstances that substantially affected his ability to pay and that was not contemplated by the parties at the time of the initial decree. The court also denied Patricia Rothberg's request for her attorney fees for responding to the motion. Charles Rothberg appealed from the order denying his motion to modify spousal support, and Patricia Rothberg cross-appealed.

## II

[¶ 8] Although no subsequent judgment was entered in this case, an order denying a motion to modify child support or spousal support that is intended to constitute the final order of the court is appealable. *See Wagner v. Wagner*, 1998 ND 117, ¶¶ 3–4, 579 N.W.2d 207; *Austin v. Towne*, 1997 ND 59, ¶ 7, 560 N.W.2d 895; *Mahoney v. Mahoney*, 516 N.W.2d 656, 660 (N.D.Ct.App.1994). The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. §§ 28–27–02 and 14–05–25. The appeal was timely under N.D.R.App.P. 4(a).

## III

[¶ 9] Charles Rothberg contends the district court erred in finding he had failed to prove a material change in the parties' financial circumstances warranting a reduction in his spousal support obligation.

### A

[¶ 10] When the original divorce judgment includes an award of

spousal support, the district court retains jurisdiction to modify the award. N.D.C.C. § 14–05–24.1; *Gibb v. Sepe,* 2004 ND 227, ¶ 7, 690 N.W.2d 230; *Staley v. Staley,* 2004 ND 195, ¶ 17, 688 N.W.2d 182. The party seeking modification of spousal support bears the burden of proving there has been a material change in the financial circumstances of the parties warranting a change in the amount of support. *Gibb,* at ¶¶ 7–8; *Schmalle v. Schmalle,* 1998 ND 201, ¶ 12, 586 N.W.2d 677. The district court's determination whether there has been a material change in circumstances warranting modification of spousal support is a finding of fact and will be set aside on appeal only if it is clearly erroneous. *Gibb,* at ¶ 7; *Lohstreter v. Lohstreter,* 2001 ND 45, ¶ 10, 623 N.W.2d 350.

■ [¶ 11] A material change is a change that substantially affects the financial abilities or needs of the parties and that was not contemplated by the parties at the time of the original decree. *Gibb,* 2004 ND 227, ¶ 7, 690 N.W.2d 230; *Schmalle,* 1998 ND 201, ¶ 12, 586 N.W.2d 677. In assessing whether a material change has occurred, the reasons for changes in the parties' income or needs must be examined, as well as the extent to which the changes were contemplated by the parties at the time of the initial decree. *Lohstreter,* 2001 ND 45, ¶ 13, 623 N.W.2d 350; *Schmalle,* at ¶ 12. Not every change in the parties' financial circumstances justifies modification of spousal support, and no modification is warranted when the change is self-induced. *Lohstreter,* at ¶ 13. This Court encourages agreements between divorcing parties, and stipulated spousal support awards should be changed only with great reluctance. *Gibb,* at ¶ 8; *Toni v. Toni,* 2001 ND 193, ¶ 11, 636 N.W.2d 396.

## B

[¶ 12] Our review of this case is significantly hampered by the district court's failure to make specific, detailed findings on the relevant issues, and failure to expressly delineate the basis for its decision. The conclusory findings included in the district court's order denying the motion do little to explain the rationale for the court's ultimate determination that Charles Rothberg had failed to demonstrate a material change in circumstances that warranted a reduction in spousal support.

■ [¶ 13] Rule 52(a), N.D.R.Civ. P., requires that "[i]n all actions tried upon the facts without a jury . . . the court shall find the facts specially." When a motion necessitates the resolution of conflicting evidence, the proceeding is "an action tried upon the facts" under N.D.R.Civ.P. 52(a). *Skoglund v. Skoglund,* 333 N.W.2d 795, 796 (N.D.1983); *Clement v. Clement,* 325 N.W.2d 262, 263 (N.D.1982); *Voth v. Voth,* 305 N.W.2d 656, 658 (N.D.1981). A motion to modify a prior divorce decree necessitates a fact-finding process before it can be determined whether a material change in circumstances has occurred, and N.D.R.Civ.P. 52(a) is therefore applicable. *See Skoglund,* at 796.

■ [¶ 14] Under N.D.R.Civ.P. 52(a), the trial court is required to make findings of fact and conclusions of law sufficient to enable the appellate court to understand the factual determinations made by the trial court and the basis for its conclusions of law and the judgment or order entered thereon. *See, e.g., Johnson Farms v. McEnroe,* 2002 ND 122, ¶ 8, 656 N.W.2d 1; *Global Acquisitions, LLC v. Broadway Park Ltd. P'ship,* 2001 ND 52, ¶ 18, 623 N.W.2d 442. The trial court's findings of fact and conclusions of law should be stated with sufficient specificity to assist the appellate court's review and

to afford a clear understanding of the trial court's decision. *Johnson Farms,* at ¶ 8. Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in its burden of proof is inadequate under the rule. *Federal Land Bank of St. Paul v. Lillehaugen,* 404 N.W.2d 452, 459 (N.D. 1987). Rather, the trial court must specifically state the subordinate facts upon which its ultimate factual conclusions rest. *Global Acquisitions,* at ¶ 18; *Lillehaugen,* at 459; *Radspinner v. Charlesworth,* 346 N.W.2d 727, 730 (N.D.1984). Although findings of fact should be stated to afford a clear understanding of the court's decision, findings are adequate if this Court can discern from them the factual basis for the trial court's determination. *See, e.g., VND, LLC v. Leevers Foods, Inc.,* 2003 ND 198, ¶ 27, 672 N.W.2d 445; *Minar v. Minar,* 2001 ND 74, ¶ 10, 625 N.W.2d 518.

■ [¶ 15] In its order denying the motion to modify spousal support, the district court did not set out specific findings on the financial issues presented by the parties and failed to provide an organized explanation of its decision. The court found in a conclusory fashion that Charles Rothberg had failed to meet his burden of proving either a decrease in his ability to pay or a material change in the parties' financial circumstances substantially affecting his financial abilities or needs. The court's only consideration of the numerous underlying financial issues raised by the parties is a cryptic finding that there was no evidence that any change in Charles Rothberg's income was permanent, and that he had a "significant income producing capacity."

[¶ 16] The meager findings of fact in the district court's order denying the motion provide little insight into the rationale for the court's decision, and fail to specifically state the subordinate facts upon which the court's ultimate factual conclusions rest. *See Global Acquisitions,* 2001 ND 52, ¶ 18, 623 N.W.2d 442; *Lillehaugen,* 404 N.W.2d at 459. Based upon the evidence presented in this case, there are several potential explanations and theories for the court's ultimate conclusion that Charles Rothberg had failed to prove a substantial change in financial circumstances warranting a reduction in spousal support. It is unclear whether the court's suggestion that any reduction in income was not permanent was based upon a determination that Charles Rothberg could somehow earn an equivalent amount in Bismarck, that he could earn an equivalent amount if he moved out of state, or that he could earn an equivalent amount through additional locum tenens work. Furthermore, it is unclear whether the court's suggestion that he has "significant income producing capacity" means the court believed that Charles Rothberg can actually again earn more than $400,000, or that his current income—producing capacity, even if less than $400,000 annually, is sufficient to support the spousal support award of $60,000 per year. The parties have raised numerous legal issues which turn upon the precise factual basis for the court's decision. Without a clear understanding of the district court's resolution of the subordinate facts, we are unable to properly perform our review function and address the issues raised on appeal. *See Vigen Constr. Co. v. Millers Nat'l Ins. Co.,* 436 N.W.2d 254, 255 (N.D.1989); *Radspinner,* 346 N.W.2d at 730.

[¶ 17] The district court's findings of fact are not stated with sufficient specificity to assist appellate review, do not afford a clear understanding of the court's decision, and are not adequate to allow this Court to discern the factual basis for the court's determination. *Johnson Farms,* 2002 ND 122, ¶ 8, 656 N.W.2d 1; *Global*

*Acquisitions,* 2001 ND 52, ¶ 18, 623 N.W.2d 442. We reverse and remand to the district court for the entry of specific findings of fact on the financial issues raised by the evidence and for further explanation of the basis for the court's determination.

## IV

[¶ 18] Patricia Rothberg has cross-appealed, alleging the district court erred in denying her request for attorney fees expended to respond to the motion to modify spousal support.

[¶ 19] Under N.D.C.C. § 14–05–23, a district court has discretion to award attorney fees in divorce proceedings, including proceedings on motions to modify spousal support. *Gibb v. Sepe,* 2004 ND 227, ¶ 11, 690 N.W.2d 230. An award of attorney fees under N.D.C.C. § 14–05–23 lies within the sound discretion of the district court and will not be set aside on appeal absent an abuse of discretion. *Gibb,* at ¶ 11; *Oldham v. Oldham,* 2004 ND 62, ¶ 16, 677 N.W.2d 196. A district court abuses its discretion if it misinterprets or misapplies the law. *Bertsch v. Bertsch,* 2006 ND 31, ¶ 8, 710 N.W.2d 113.

[¶ 20] In deciding whether to award attorney fees under N.D.C.C. § 14–05–23, the court must balance the parties' financial needs and ability to pay. *Litoff v. Pinter,* 2003 ND 172, ¶ 19, 670 N.W.2d 860. In assessing the parties' needs and ability to pay, the court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the actions of either party unreasonably increased the time spent on the case. *Bertsch,* 2006 ND 31, ¶ 8, 710 N.W.2d 113; *Dvorak v. Dvorak,* 2005 ND 66, ¶ 32, 693 N.W.2d 646; *Litoff,* at ¶ 19.

[¶ 21] The district court's order contains a single sentence addressing Patricia Rothberg's request for attorney fees. After finding Charles Rothberg had failed to prove a material change of circumstances warranting modification of spousal support, the court concluded: "The Court does find the issue was worthy of a hearing, hence both parties shall be responsible for their own attorney fees and costs."

[¶ 22] Rather than considering the parties' financial needs and ability to pay, the court apparently based its denial of attorney fees on a determination that the motion was not frivolous. There is no indication that the court considered the relevant legal standards for an award of attorney fees under N.D.C.C. § 14–05–23. The court's failure to consider and balance the parties' financial needs and ability to pay was a misapplication of the law, and accordingly its denial of Patricia Rothberg's request for attorney fees was an abuse of discretion. *See Bertsch,* 2006 ND 31, ¶ 11, 710 N.W.2d 113; *Litoff,* 2003 ND 172, ¶ 9, 670 N.W.2d 860. We direct the district court on remand to reconsider Patricia Rothberg's request for attorney fees applying the correct legal standards.

## V

[¶ 23] We reverse the order denying the motion to modify spousal support and remand for further proceedings in accordance with this opinion.

[¶ 24] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.