2003 ND 146

**Tammie S. KRANK, Plaintiff
and Appellant,**

v.

**Brandon J. KRANK, Defendant
and Appellee.**

**No. 20030071.**

Supreme Court of North Dakota.

Sept. 23, 2003.

Gary D. Ramsey, Greenwood & Ramsey, PLLP, Dickinson, for plaintiff and appellant.

Thomas D. Kelsch (on brief), and Todd D. Kranda (argued), Kelsch, Kelsch, Ruff & Kranda, Mandan, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Tammie Krank appealed from a divorce judgment dissolving her marriage with Brandon Krank, awarding custody of their minor son to Brandon with reasonable visitation for Tammie, and setting Tammie's child support obligation. We hold the trial court's custody award, visitation schedule, and award of child support are supported by the record evidence and are not clearly erroneous. We affirm.

I

[¶ 2] Brandon and Tammie were married on May 5, 2000. Their son was born on February 26, 2001. Tammie was married twice previously. She has two children from her first marriage, one age 15, and one age 13 at the time of trial. She

also has one child from her second marriage, who was 5 years old at the time of trial.

[¶ 3] Tammie is 34 years old and in good health. She graduated from high school in 1986 and attended Dickinson State University for about 2½ years. At the time of trial Tammie was unemployed. When Tammie met Brandon she was working as a travel associate but she was terminated from her job for excessive absences. She plans to continue a correspondence course in medical transcription when her divorce is finalized.

[¶ 4] Brandon is age 29 and in good health. From 1992 to 1994 he was on active duty with the United States Army. He has earned approximately 56 college credit hours at various institutions. At the time of trial Brandon was employed as a materials handler for TMI in Dickinson.

[¶ 5] Problems developed in Tammie and Brandon's marriage, and Tammie filed for divorce. After a hearing, the court granted Tammie a divorce on the grounds of irreconcilable differences. The court concluded it was in their child's best interests to award his custody to Brandon with reasonable visitation for Tammie. The court also ordered Tammie to pay child support of $112 per month.

## II

[¶ 6] Tammie asserts that the trial court, in deciding the custody issue, should have weighed more of the relevant factors in her favor and its failure to do so resulted in a clearly erroneous custody award. A trial court has substantial discretion in custody matters and must award custody based on its determination of the best interests and welfare of the child. *Ackerman v. Ackerman*, 1999 ND 135, ¶ 8, 596 N.W.2d 332. To assist the trial court in this task, the legislature has set forth several factors under N.D.C.C. § 14–09–06.2(1) which must be considered by the court in making its custody decision:

1. For the purpose of custody, the best interests and welfare of the child is determined by the court's consideration and evaluation of all factors affecting the best interests and welfare of the child. These factors include all of the following when applicable:

   a. The love, affection, and other emotional ties existing between the parents and child.

   b. The capacity and disposition of the parents to give the child love, affection, and guidance and to continue the education of the child.

   c. The disposition of the parents to provide the child with food, clothing, medical care, or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

   d. The length of time the child has lived in a stable satisfactory environment and the desirability of maintaining continuity.

   e. The permanence, as a family unit, of the existing or proposed custodial home.

   f. The moral fitness of the parents.

   g. The mental and physical health of the parents.

   h. The home, school, and community record of the child.

   i. The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.

   j. Evidence of domestic violence....

k. The interaction and interrelationship, or the potential for interaction and interrelationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child's best interests. The court shall consider that person's history of inflicting, or tendency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

l. The making of false allegations not made in good faith, by one parent against the other, of harm to a child as defined in section 50–25.1–02.

m. Any other factors considered by the court to be relevant to a particular child custody dispute.

The trial court is not required to make specific findings of fact for each of the above statutory factors, but the court should consider all relevant factors in making its custody decision. *DesLauriers v. DesLauriers*, 2002 ND 66, ¶ 6, 642 N.W.2d 892. The court's custody determination is a finding of fact which will not be reversed unless it is clearly erroneous. *Kjelland v. Kjelland*, 2000 ND 86, ¶ 8, 609 N.W.2d 100. A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made. *Id.* This Court gives due regard to the trial court's opportunity to assess the credibility and observe the demeanor of witnesses, and we do not retry custody issues or reassess the credibility of witnesses if the court's decision is supported by evidence in the record. *Corbett v. Corbett*, 2001 ND 113, ¶ 6, 628 N.W.2d 312. We do not reverse the trial court's factual findings merely because we may view the evidence differently, and a choice between two permissible views of the weight of the evidence is not clearly erroneous. *Id.*

[¶ 7] The trial court considered all of the relevant factors in deciding the custody issue. It concluded that the statutory factors (a), (f), (g), (h), (i), and (*l*) favored neither Tammie nor Brandon. Except for factor (a), Tammie concurs with the trial court's conclusion that none of these factors favor either parent. The court found that factors (b), (c), (d), (e), and (k) favored Brandon, but factor (j) favored Tammie. Tammie claims the evidence demonstrates factors (a), (b), (c), (d), and (e) should have been weighed in her favor. She claims factor (k) does not favor either party.

[¶ 8] Under factor (a), the court must look at the love, affection, and other emotional ties existing between the parents and the child. The trial court found there exists love, affection, and emotional ties between the child and both parents, and this factor does not favor either parent. Tammie asserts she has been the child's primary caretaker since his birth and that the child experiences separation anxiety whenever he is transferred from Tammie to Brandon. Consequently, she asserts this factor favors her. However, the court found that Brandon has spent an increased amount of time with the child and the court also considered the court-appointed custody investigator's conclusion that the child seems "quite comfortable with both of his parents." The court found that some separation anxiety when a child is transferred between parents is not abnormal and that the evidence does not clearly indicate there were stronger emotional ties between the child and one parent or the other. We conclude the record evidence supports the trial court's findings on factor (a).

[¶ 9] Under factor (b), the court must consider the capacity and disposition of the parents to give the child love, affection, and guidance, and to continue the education of the child. Tammie concedes Brandon loves the child and has the capacity and disposition to give the child affection and guidance. However, she believes this factor should be weighed in her favor because she considers herself very loving and affectionate and better able to provide a more consistent and less harsh discipline with the child. The trial court found that both parents have the capacity and disposition to give the child love and affection, but the court found Brandon is better suited to provide the child with guidance. The court found Tammie is not a strong disciplinarian and has had considerable problems maintaining control of her children from the prior two marriages. The trial court also found Brandon "is a stronger figure when it comes to disciplining and enforcing the rules." While some of Brandon's discipline techniques were of concern to the court, the court was convinced that all things considered this factor favored Brandon being able to provide the better guidance for the child. We conclude the evidence supports the court's finding on factor (b).

[¶ 10] Under factor (c), the court must look at the disposition of the parents to provide the child with food, clothing, medical care, and other material needs. Tammie concedes Brandon, at the time of the trial, was employed while she was not, but she asserts that she has always been able to provide adequately for this child and the children of her prior marriages and, therefore, the court should have found this factor weighed in her favor. The court found there was no evidence to indicate that either parent would not be disposed to provide the child with food, clothing, medical care, and other material needs. However, the court found that the evidence shows the child's father has a history of employment at good paying jobs and is a good provider while the mother is currently unemployed, lives in subsidized housing, and depends upon child support that has not always been paid when due. Consequently, the court found this factor favors the father, and we conclude the evidence supports the trial court's findings on this issue.

[¶ 11] Under factor (d), the court must look at the length of time the child has lived in a stable satisfactory environment and the desirability of maintaining continuity. Tammie asserts the trial court, in weighing this factor in Brandon's favor, placed too much emphasis on the behavioral and disciplinary problems Tammie has experienced with the three children of her prior two marriages. The court found that even though this child has lived with Tammie all his life, and therefore maintaining continuity would favor Tammie in this regard, that fact is outweighed "by the unstable and unsatisfactory environment that exists in Tammie's home." The court noted that Tammie's children from her prior marriages have had some very serious behavioral problems and could pose a threat or danger to this child. The court found that it could not ignore the fact that these problems "are of real concern and have created an unsatisfactory and unstable home environment." We conclude the evidence supports the trial court's findings on this factor.

[¶ 12] Under factor (e), the court must look at the permanence, as a family unit, of the existing or proposed custodial home. Tammie asserts the trial court should not have held her prior failed marriages against her in considering this factor. The court found that the unpredictable nature of Tammie's life has not provided the permanence needed in a

family unit and that the instability of her two older boys may have been caused in part by having to adjust to different stepfathers and different family units. The court found that based on past history Brandon is more likely to provide permanence and an appropriate family unit. We conclude the trial court gave thorough and adequate consideration to this factor and the evidence supports the trial court's findings on this issue.

[¶ 13] Under factor (k), the trial court must consider the interaction and interrelationship of the child with any person who resides in or frequents the household of a parent who may significantly affect the child's best interests. Tammie asserts this factor should not favor either parent. She asserts that her two older boys have never caused harm to this child and it is unfair of the trial court to speculate that either boy may do so in the future. She also asserts that it is unfair for the trial court to speculate that a male friend of hers may endanger this child. The trial court expressed concern about how Tammie's male friend and her two older boys have conducted themselves in the past. The court found that although they have not yet injured this child, they present the potential for doing so. It is appropriate for the trial court to factor in these concerns in deciding which parental household provides the safest environment for the child and provides the likelihood of interrelationships with others that are in the child's best interests. We conclude the evidence supports the trial court's findings on factor (k).

[¶ 14] The trial court has a very difficult choice to make in deciding custody between two fit parents, and this Court will not retry a custody case or substitute its judgment for that of the trial court when that court's determination is supported by the evidence. *Ackerman*, 1999

ND 135, ¶ 8, 596 N.W.2d 332. After reviewing the entire evidence in this case, we are not left with a definite and firm conviction that a mistake has been made. Consequently, we conclude the trial court's decision to award custody to Brandon is not clearly erroneous.

## III

[¶ 15] Tammie asserts the trial court's award of visitation to her is inadequate and is clearly erroneous. The trial court awarded Tammie visitation on alternating weekends between 3:00 or 3:30 p.m. on Friday until 7:00 p.m. on Sundays. The court also awarded Tammie one weekday visitation, on Thursdays, between 3:00 or 3:30 p.m. and 8:00 p.m. In addition, the court directed the parties "shall alternate holiday visitation," and the court awarded Tammie extended summer visitation of four weeks in August of each year. Tammie asserts her visitation is inadequate and the trial court should have awarded her an additional weekday visitation on Tuesdays.

[¶ 16] Section 14–05–22(2), N.D.C.C., provides:

> After making an award of custody, the court shall, upon request of the noncustodial parent, grant such rights of visitation as will enable the child and the noncustodial parent to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health.

The trial court's decision on visitation is a finding of fact which will not be reversed on appeal unless it is clearly erroneous under N.D.R.Civ.P. 52(a). *Schiff v. Schiff,* 2000 ND 113, ¶ 10, 611 N.W.2d 191.

[¶ 17] While there is no reason the parties cannot voluntarily agree to ad-

ditional visitation between the child and his mother, the visitation awarded by the court is reasonable. We are not left with a definite or firm conviction the trial court made a mistake, and we, therefore, conclude the trial court's visitation award is not clearly erroneous.

## IV

[¶ 18] Tammie asserts the trial court's finding that she should pay child support of $112 per month is clearly erroneous.

[¶ 19] Section 14–09–09.7, N.D.C.C., mandates the Department of Human Services to establish child support guidelines and creates a rebuttable presumption that the amount of support designated in the guidelines is correct. Child support determinations involve questions of law which are subject to a de novo standard of review, findings of fact which are subject to a clearly erroneous standard of review, and, in some limited areas, may involve matters of discretion subject to the abuse of discretion standard of review. *Schiff*, 2000 ND 113, ¶ 31, 611 N.W.2d 191. A proper finding of net income is essential to determine the correct amount of child support under the child support guidelines. *Dufner v. Dufner*, 2002 ND 47, ¶ 24, 640 N.W.2d 694. Although Tammie was not employed at the time of trial, the trial court found that Tammie is capable of earning at least minimum wage and, consequently, it was appropriate to determine her child support obligation based upon her earning capacity. Under N.D. Admin. Code § 75–02–04.1–07 the trial court imputed income to Tammie based upon her potential to earn minimum wage. The court subtracted an amount to reflect Tammie having two other children in her home and one in foster care and arrived at a support obligation of $112 per month. Tammie asserts the trial court's calculation is in error because Tammie "does not have

the present ability to pay child support. At the time of trial, Tammie was still a stay at home mother. She stayed at home to take care of the children ... even if she were to work out of the home, she would have to pay between 50 to 70 percent of her income for her children's daycare expenses." She asserts the trial court should have taken into consideration subsections (4)(a) and (c) of N.D. Admin. Code § 75–02–04.1–07:

4. Monthly gross income based on earning capacity may be imputed in an amount less than would be imputed under subsection 3 if the obligor shows:

   a. The reasonable costs of child care equals or exceeds seventy percent of the income which would otherwise be imputed where the care is for the obligor's child:

   (1) Who is in the physical custody of the obligor;

   (2) Who is under the age of fourteen; and

   (3) For whom there is no other adult caretaker in the parent's home available to meet the child's needs during absence due to employment.

   . . . .

   c. The unusual emotional or physical needs of a minor child of the obligor require the obligor's presence in the home for a proportion of the time so great as to preclude the obligor from gainful employment that produces average monthly gross earnings equal to one hundred sixty-seven times the hourly federal minimum wage.

A person seeking amendment of a child support order has the burden of proving the existing level of child support is not in conformity with the amount required by

the guidelines. *See Henry v. Henry*, 2000 ND 10, ¶ 7, 604 N.W.2d 234. After reviewing the record evidence, we are not convinced Tammie has met her burden of demonstrating the trial court erred in computing her child support obligation under the guidelines. The trial court did not find the record evidence required imputation of a lesser support obligation under N.D. Admin. Code § 75–02–04.1–07(4) because Tammie's child care expenses would exceed seventy percent of her otherwise imputed income or because the unusual needs of a child in her care required Tammie's presence in the home so as to preclude her from gainful employment. The evidence supports the court's determination. We are not, therefore, persuaded the trial court's calculation of Tammie's support obligation is in error.

## V

[¶ 20] We conclude the trial court's custody award is not clearly erroneous, the court's award of visitation is not clearly erroneous, and the court's calculation of Tammie's child support obligation is in accordance with the guidelines. We, therefore, affirm the judgment.

[¶ 21] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.