2005 ND 139

**Shelly D. SIMBURGER, Plaintiff and Appellee**

v.

**Donald SIMBURGER, Defendant and Appellant.**

**No. 20050032.**

Supreme Court of North Dakota.

July 25, 2005.

Daniel H. Oster of Neubauer & Oster, Bismarck, N.D., for defendant and appellant.

Clark J. Bormann of Bormann & Myerchin, L.L.P., Bismarck, N.D., for plaintiff and appellee.

MARING, Justice.

[¶ 1]   Donald Simburger appeals from a trial court order denying his motion to amend the divorce judgment to modify visitation of the parties' youngest child and ordering him to pay attorney's fees. We affirm in part, reverse in part, and remand.

I

[¶ 2]   In May 2000, Donald Simburger and Shelly Simburger were divorced based on a stipulation after a twenty-four-year marriage. Before the divorce, in March 2000, Shelly filed for and was granted a domestic violence protection order against Donald, which limited Donald's visitation rights with the parties' minor child. The protection order stated:

> Donald Simburger is granted the following visitation rights to the minor children of the parties: Visitation at least three hours each week at the Family Safety Center at the expense of Donald Simburger. This visitation provision may be superceded by a later court order in this matter or in another action concerning custody and visitation.

[¶ 3]   There were no specific findings of domestic violence perpetrated by Donald in the protection order. The custody provision in the divorce judgment referenced the March 2000 protection order, and granted Shelly "sole care, custody and control of the parties' minor children, subject to rights of reasonable, supervised visitation by Donald in accordance with the protection order." The protection order expired in March 2002.

[¶ 4]   Beginning in November 2001, Shelly allowed Donald unsupervised visitation with their youngest child. In August 2004, Shelly discontinued the unsupervised visitation, alleging Donald's behavior was having a negative effect on the child. In October 2004, Donald moved to amend the custody provision in the divorce judgment. A hearing was held in December 2004. The trial court denied Donald's motion, holding Donald had not shown a "material change in circumstances" had occurred, and awarded Shelly $1,000 in attorney's fees.

[¶ 5]   Donald Simburger appeals.

II

[¶ 6]   Donald argues the divorce judgment is ambiguous, causing the trial court to erroneously deny his motion to amend the visitation stipulation. He contends the judgment is ambiguous because it provides for visitation in accordance

with an expired protection order. Donald asserts the visitation stipulation in the divorce judgment should have expired when the protection order expired. Donald further argues the protection order itself contemplated modification in future proceedings, and Shelly's allowance of unsupervised visitation signifies the parties' intent that he would receive such visitation upon expiration of the order.

[¶ 7] "Interpretation of a judgment is a question of law, and an unambiguous judgment may not be modified, enlarged, restricted, or diminished." *Greenwood v. Greenwood*, 1999 ND 126, ¶ 8, 596 N.W.2d 317. The question of whether a judgment is ambiguous is a question of law. *Id.* An ambiguity exists when language can be reasonably construed as having at least two alternative meanings. *Id.* "If the same trial judge clarifies an original judgment, we afford the judge's clarification considerable deference." *Dakutak v. Dakutak*, 1997 ND 76, ¶ 6, 562 N.W.2d 750. However, when one trial judge interprets the decree of another, the interpreting court is in no better position than we are to determine the original judge's intentions, and this Court reviews such interpretations de novo. *Id.*

[¶ 8] The March 21, 2000, protection order provides:

2. Shelly Simburger is given temporary custody of the children of the parties.

3. Donald Simburger is granted the following visitation rights to the minor children of the parties: Visitation at least three hours each week at the Family Safety Center at the expense of Donald Simburger. This visitation provision may be superceded by a later court order in this matter or in another action concerning custody and visitation.

[¶ 9] The May 22, 2000, divorce judgment ordered by Judge Vukelic, provides:

IT IS HEREBY ADJUDGED AND DECREED as follows:

. . . .

2. [Shelly] is awarded the physical care, custody and control of the parties minor children ... with rights of reasonable, supervised visitation by [Donald].

. . . .

7. Shelly shall have sole care, custody and control of the parties' minor children, subject to the rights of reasonable, supervised visitation by Donald in accordance with the protection order entered March 22, 2000.

[¶ 10] Donald's motion to amend the judgment to modify and establish set visitation was heard by Judge Romanick, who is not the same judge who entered the original judgment. We, therefore, review de novo the interpretation of the judgment. We conclude the stipulated divorce judgment is not ambiguous. The judgment clearly states Shelly "is awarded the physical care, custody and control of the parties minor children" with Donald having "rights of reasonable, supervised visitation in accordance with the protection order," which likewise clearly states Donald will receive at least three hours of supervised visitation each week.

III

[¶ 11] Donald asserts the trial court erred when it denied his motion to modify the visitation provision after concluding he did not establish a material change in circumstances. Donald contends the expiration of the protection order and his exercising unsupervised visitation both before and after the protection order expired establish a material change

in circumstances requiring the trial court to consider whether visitation is in the minor child's best interest.

[¶ 12] A trial court's decision on visitation is a finding of fact and will not be reversed on appeal unless it is clearly erroneous. *Wigginton v. Wigginton*, 2005 ND 31, ¶ 8, 692 N.W.2d 108. A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after review of the entire record, we are left with a definite and firm conviction a mistake has been made. *Id.*

[¶ 13] Although the analysis is similar, the trial court, and the parties, mistakenly apply N.D.C.C. § 14–09–06.6(6), which provides limitations on post-judgment child custody modifications. Section 14–09–06.6(6), N.D.C.C., requires the moving party to show a "material change has occurred in the circumstances of the child or the parties" and, if shown, that the "modification is necessary to serve the best interest of the child." Once an initial custody decision has been made, an award of visitation is governed by N.D.C.C. § 14–05–22(2). Subsection 2, N.D.C.C. § 14–05–22, requires the court to "grant such rights of visitation as will enable the child and the noncustodial parent to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health." Thereafter, modifications of visitation are governed by the standard set forth in our case law. The standard for modification of visitation is similar to a modification of custody. The moving party bears the burden of establishing that a significant change of circumstances has occurred since the prior visitation order and that it is in the best interests of the child to modify the order. *See Orvedal v. Orvedal*, 2003 ND 145, ¶ 7,

669 N.W.2d 89. Section 14–09–06.6, however, includes several provisions for parties seeking a custody modification that we have never required for a modification of visitation, including the requirement that the movant establish a prima facie case prior to entitlement of an evidentiary hearing. N.D.C.C. § 14–09–06.6(4). The legislative history of N.D.C.C. § 14–09–06.6 clearly indicates it was enacted to dissuade dissatisfied or disgruntled parents from continuously using motions to change child custody as a means to disrupt the life of the child and custodial parent. *See* Hearing on S.B. 2167 Before the Senate Judiciary Comm., 55th N.D. Legis. Sess. (Jan. 21, 1997) (testimony of Sherry Mills Moore, Chair of the Family Law Task Force).

[¶ 14] We believe that if the legislature had intended that visitation modification should be subject to the same requirements as custody modification under N.D.C.C. § 14–09–06.6, it would have explicitly included the term "visitation modification" in the statute. Therefore, we are of the opinion that modification of visitation is not governed by N.D.C.C. § 14–09–06.6.

[¶ 15] "The primary purpose of visitation is to promote the bests interests of children." *Eberhardt v. Eberhardt*, 2003 ND 199, ¶ 19, 672 N.W.2d 659. "A restriction on visitation must be based on a preponderance of the evidence and accompanied by a detailed demonstration of the physical or emotional harm likely to result from visitation." *Wigginton*, 2005 ND 31, ¶ 9, 692 N.W.2d 108. "Our statutes and caselaw, however, clearly recognize that visitation with a noncustodial parent may be curtailed or eliminated entirely if it is likely to endanger the child's physical or emotional health." *Litoff v. Pinter*, 2003 ND 172, ¶ 12, 670 N.W.2d 860; *Negaard v. Negaard*, 2002 ND 70, ¶ 13, 642 N.W.2d

916; *McDowell v. McDowell*, 2001 ND 176, ¶ 28, 635 N.W.2d 139.

[¶ 16] After the hearing, the trial court concluded Donald had not shown a material change in circumstances had occurred and it declined to proceed to the consideration of whether modifying visitation was in the minor child's best interest. We conclude the trial court's finding that there was not a material change in circumstances is clearly erroneous.

[¶ 17] Donald argues he has shown a material change in circumstances warranting a modification of the visitation agreement in the divorce judgment. He contends that the expiration of the protection order incorporated into the custody provision of the divorce judgment, his undergoing counseling before the divorce, and his exercise of unsupervised visitation both before and after the expiration of the protection order are all material changes in circumstances requiring the trial court to continue the analysis. In its order denying the motion, the trial court stated:

> The DVPO has lapsed, yet the language allowing visitation for Donald still pertains to the Stipulated Judgment. He has a minimum of 3 hours per week of supervised visitation. Obviously the actions by the parties leading up to the DVPO are still a concern as only one of the three sons who testified indicated any relationship with Donald and that appears to be a sporadic one at best. The fact that unsupervised visitation has been allowed is not a material change of circumstances.
>
> The Court finds Donald has not carried his burden in showing a material change in circumstances. The Court does not reach the best interests of the child and makes no finding on this issue. Motion to modify custody is Denied.

[¶ 18] The trial court specifically found that there was not a material change in circumstances. The record, however, indicates Shelly granted Donald unsupervised visitation with their youngest child beginning in November 2001 and continuing until August 2004. Donald testified that from August 2003 until August 2004 he exercised unsupervised visitation on most of his days off work. He further testified he and the child took vacations together, one of which lasted "six, seven days." This long period of unsupervised visitation supports Donald's position that such visitation no longer endangered the child's physical or emotional health. In resisting Donald's motion to modify visitation, Shelly asserted she had observed the type of erratic behavior from Donald that compelled her to originally seek a protection order and restrict Donald's visitation in the original divorce judgment. However, the basis for the trial court's decision is unclear and the trial court did not rely on that evidence, but rather merely concluded that the fact unsupervised visitation has been allowed is not a material change in circumstances. We conclude, as a matter of law, that the long period of unsupervised visitation and Shelly's recent decision to deny unsupervised visitation, constitutes a material change in circumstances since the original decree, necessitating the trial court to conduct a best interest analysis. The trial court's finding that Donald had not shown a material change in circumstances is clearly erroneous. *See* N.D.R.Civ.P. 52(a). We, therefore, reverse the trial court's order denying Donald's motion to modify visitation and remand for proceedings consistent with this opinion.

## IV

[¶ 19] Donald argues the trial court abused its discretion in awarding attorney's fees to Shelly because she failed to show need, and the trial court failed to

account for the assets she received in the divorce.

[¶ 20] The trial court, in its order denying the motion to amend custody, stated:

Shelly requested attorneys fees and testified she worked part-time and continued to home school [the child]. Shelly receives child support and spousal support from Donald. Donald testified he did not have funds to pay for attorneys fees for Shelly after his child and spousal support is taken out of his pay check.

The Court finds Shelly has prevailed in this matter and is of limited means to pay to defend the motion filed by Donald. The Court orders Donald to pay the reasonable attorneys fees of Shelly up to the maximum of $1,000. Shelly shall cover any other costs above this amount.

[¶ 21] Section 14–05–23, N.D.C.C., authorizes the issuance of an order for payment of attorney's fees in divorce actions, including appeals. *Gibb v. Sepe*, 2004 ND 227, ¶ 11, 690 N.W.2d 230. Whether to award attorney's fees is within the trial court's discretion, and will not be disturbed on appeal unless the appealing party establishes the trial court abused its discretion. *Id.* A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Id.* In deciding whether to award attorney's fees under N.D.C.C. § 14–05–23, "the court must balance the parties' needs and ability to pay, and should consider the property owned by each, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party unreasonably increased the time spent on the case." *Litoff*, 2003 ND 172, ¶ 19, 670 N.W.2d 860 (quoting *McDowell*, 2001 ND 176, ¶ 36, 635 N.W.2d 139).

[¶ 22] The order indicates the trial court did address the appropriate factors when it ordered payment of attorney's fees and the record supports its findings. We, therefore, conclude the trial court did not abuse its discretion.

## V

[¶ 23] Shelly requests an award of attorney's fees for this appeal under N.D.C.C. § 14–05–23. While the trial court and this Court have concurrent jurisdiction to award attorney's fees for an appeal in a divorce, our preference is for the trial court to decide attorney's fees for a spouse on an appeal. *Dvorak v. Dvorak*, 2005 ND 66, ¶ 33, 693 N.W.2d 646. We, therefore, direct the trial court to consider whether attorney's fees for this appeal are appropriate.

## VI

[¶ 24] We affirm the trial court's award of attorney's fees to Shelly, but we reverse the trial court's order denying modification of visitation and remand for further proceedings to determine whether modification of visitation is in the best interests of the minor child and whether an award of attorney's fees is warranted for this appeal.

[¶ 25] GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER, J. concur.

I concur in the result. DALE V. SANDSTROM, J.

[¶ 26] The Honorable DANIEL J. CROTHERS did not participate in this decision.