2006 ND 244

**Joseph J. IBACH, Plaintiff and Appellant**

v.

**Shelly ZACHER, Defendant and Appellee.**

**No. 20060129.**

Supreme Court of North Dakota.

Nov. 28, 2006.

Camille O'Kara Hann, Melbye Law Office, Dickinson, ND, for plaintiff and appellant; on brief.

Mary E. Nordsven, Hardy, Maus & Nordsven, P.C., Dickinson, ND, for defendant and appellee; on brief.

CROTHERS, Justice.

[¶ 1]   Joseph Ibach appeals from a district court order denying his motion to amend the child custody and support judgment to modify visitation of the parties' child.  We reverse and remand.

I

[¶ 2]   Joseph Ibach and Shelly Zacher are the parents of S.F.I., born in 2001. Shelly has custody of the child under a May 8, 2002 judgment and decree, subject to Joseph's right to reasonable visitation upon reasonable notice.  The decree established visitation that included, at a minimum, the first and third weekends each month from Friday at 4:30 p.m. until Sunday at 6:00 p.m. (MT).  Both Joseph and Shelly lived in Dickinson at that time.

[¶ 3]   In July 2005, Shelly and her children moved to Minot.  That same month, Joseph was diagnosed with a serious disease requiring a twelve-month-long course of treatment.  The treatments, delivered on Fridays, resulted in Joseph becoming exhausted.  Driving to Minot to pick up his child became a physical difficulty as well as more expensive and time-consuming.  Joseph brought a motion to amend the 2002 judgment in September 2005, asking the court to require Shelly to help transport S.F.I. for visitation weekends. Both parties filed affidavits, and a hearing was held in February 2006.  The court did not hear testimony from either party.  The district court denied Joseph's motion, holding Joseph had not shown a "material change in circumstances" had occurred. Joseph appeals.

II

[¶ 4]   Joseph argues he was denied due process because the district court did not receive oral testimony at the hearing. The hearing was conducted pursuant to a notice issued by the court which provided,

[u]nless the Court otherwise orders, evidence either in support of or in opposition to the motion must be presented by affidavit.  Evidence presented by affidavit may not be considered unless, at the time of the evidentiary hearing, the party offering the affidavit makes the affiant available for cross examination.  The party initially seeking relief shall proceed first at the hearing.  The moving party's affidavits must be served and filed no later than ten days prior to the commencement of the hearing.  Respondent's affidavits must be served and filed no later than three days prior to the commencement of the hearing.

[¶ 5]   The court's notice is consistent with the rule governing motions. Rule 3.2, N.D.R.Ct., provides a court "may allow or require testimony on [a] motion." Rule 43(e), N.D.R.Civ.P. provides, "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct the matter be heard wholly or partly on testimony or depositions."  N.D.R.Civ.P.  43(e).  This Court has stated that "whether testimony is allowed on a motion is within the sound discretion of the court."  *O & K Glass Co. v. Innes Constr. Co., Inc.*, 2000 ND 56, ¶ 12, 608 N.W.2d 236.  "A trial court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process."  *Id.*

[¶ 6]   Here, counsel attempted to call Joseph for direct examination and Shelly

objected based on the notice of hearing. The district court did not expressly rule on the objection, but instructed Joseph's counsel to proceed with her argument to the court. No offer of proof was made so we have no record of the evidence that would have been offered had direct examination occurred. Based on this record, we conclude the district court's refusal to allow oral testimony on the motion was not an abuse of discretion.

### III

■ [¶ 7] Joseph asserts the district court erred when it denied his motion to modify the visitation provision after concluding he did not establish a material change in circumstances. Joseph contends Shelly's move to Minot and his medical condition establish a material change in circumstances requiring the district court to consider whether visitation is in the minor child's best interest.

■ [¶ 8] Once an initial custody decision has been made, as it has in this case, an award of visitation is governed by N.D.C.C. § 14–05–22(2). Subsection 2, N.D.C.C. § 14–05–22, requires the court to "grant such rights of visitation as will enable the child and the noncustodial parent to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health." Any modification of visitation is governed by the standard set forth in our case law. *Simburger v. Simburger*, 2005 ND 139, ¶ 13, 701 N.W.2d 880. The moving party has the burden of establishing a material change of circumstances has occurred since the prior visitation order and it is in the best interests of the child to modify the order. *Id.* "This Court has defined a material change in circumstances as important new facts that were unknown at the time of the initial custody decree." *Lanners v. Johnson*, 2003 ND 61, ¶ 7, 659 N.W.2d 864.

[¶ 9] Undisputed evidence before the district court was that the parties lived in the same town when visitation was established, but that Shelly and the children moved to Minot in July 2005. That same month Joseph was diagnosed with a serious disease requiring a twelve-month-long course of weekly treatments. Joseph received treatments on Fridays, resulting in Joseph being exhausted. Accomplishing visitation by driving to Minot to pick up his child became physically difficult as well as more expensive and time-consuming.

[¶ 10] After a hearing, the district court determined Joseph had not established a material change in circumstances, and the court declined to consider whether modifying visitation was in the minor child's best interest. However, based on the record before us, we conclude the change in circumstances since the original decree is material as a matter of law. We reach this conclusion based on Shelly's move from Dickinson to Minot, Joseph's medical condition and required treatments, and their impact on S.F.I.'s two weekend per month minimum right to visitation with her father. We, therefore, reverse the district court's order denying Joseph's motion to modify visitation and remand for the district court to conduct a best interests analysis.

### IV

[¶ 11] We reverse the district court's order denying modification of visitation and remand for further proceedings to determine whether modification of visitation is in the best interests of the minor child.

[¶ 12] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM.

I concur in the result.