2007 ND 106

**Lawrence HELFENSTEIN, Plaintiff and Appellee**

v.

**Jacqueline SCHUTT, Defendant and Appellant.**

**No. 20060383.**

Supreme Court of North Dakota.

June 29, 2007.

Susan Schmidt, Susan Schmidt Law Office, Bismarck, ND, for plaintiff and appellee.

Loren Cay McCray, Bismarck, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Jacqueline Schutt appeals the district court's October 31, 2006 order denying her motion for a new trial, denying her motion to amend judgment, and ordering her to pay attorney's fees. Schutt also appeals the district court's August 16, 2006 order denying her modification of visitation and family therapy requests. We affirm the district court's October 31, 2006 order. We also affirm that part of the court's August 16, 2006 order denying the motion to modify visitation, but reverse that portion of the order relating to family therapy and remand for further proceedings consistent with this opinion.

I

[¶ 2] Jacqueline Schutt and Lawrence Helfenstein have three children but were never married. The parties separated, and in 2002 Helfenstein sued for physical custody of the children, subject to reasonable visitation by Schutt. The district court determined custody and support in its February 11, 2003 judgment, but entered subsequent orders and judgments. The most significant change from the initial judgment concerned Schutt's visitation: on May 20, 2005, the district court ordered supervised visitation at the Family Safety Center after the children were verbally and emotionally abused by their mother during unsupervised visits. Schutt also assaulted Helfenstein at the Family Safety Center in the presence of the children and the professional staff. A domestic violence

protection order was issued against Schutt, also on May 20, 2005. No appeals were taken from these orders.

[¶ 3] On May 16, 2006, Schutt moved to modify the visitation order, requesting unsupervised visitation and family counseling. A hearing was held on July 21, 2006. The district court found Schutt did not establish a material change in circumstances and family therapy would be "a fruitless effort at this time." The district court also awarded Helfenstein $100 in attorney's fees. Schutt made motions for a new trial and to amend judgment, which the district court denied. Schutt appeals.

## II

[¶ 4] Helfenstein argues Schutt's appeal of the August 16, 2006 order regarding visitation is not properly before this Court. We disagree.

### A

[¶ 5] Schutt appeals the August 16, 2006 district court order denying her request for expanded visitation, appealable under N.D.C.C. § 28–27–02(2). A notice of appeal "must be filed with the clerk of district court within 60 days from service of notice of entry of the judgment or order being appealed." N.D.R.App.P. 4(a). "The responsibility to serve notice of entry of judgment" (including "any order from which an appeal lies" under N.D.R.Civ.P. 54(a)) "to commence the period for appeal is upon counsel for the prevailing party, and the time for appeal does not begin to run until notice is served." *Gierke v. Gierke*, 1998 ND 100, ¶ 6, 578 N.W.2d 522 (citation omitted); *see* N.D.R.Civ.P. 58(b) and explanatory note (counsel for prevailing party responsible for serving notice of entry of judgment). The record does not indicate any party has served notice of entry for the August 16, 2006 order regarding visitation.

[¶ 6] This Court has held "actual knowledge of entry of a judgment or order commences the running of the time for appeal where the actual knowledge is clearly evidenced in the record." *Gierke*, 1998 ND 100, ¶ 7, 578 N.W.2d 522 (citations omitted). "The requirement for service of notice of entry of a judgment or order provides a bright line for starting the time for appeal." *Id.* at ¶ 11. This Court's decisions "have permitted a limited exception to that requirement when the appellant has taken some affirmative action as clearly evidenced in the record." *Id.* (citations omitted).

[¶ 7] Schutt filed a motion to suppress letters from the children's therapists on August 22, 2006. In her motion she stated, "There for [sic] the Order dated the 16th day of August and signed by Judge Donald Jorgensen be thrown out and a new order submitted." Schutt's August 22, 2006 motion was affirmative action showing her actual knowledge of the August 16, 2006 order regarding supervised visitation, and her knowledge is clearly evidenced in the record for purposes of triggering the time for appeal. On September 6, 2006, Schutt filed a motion, under N.D.R.Civ.P. 59, for a new hearing or to amend the August 16, 2006 order regarding visitation. Rule 59(c)(2), N.D.R.Civ.P., governs the time for motions for a new trial, allowing for filing 60 days "after notice of entry of judgment." Schutt's motion for a new trial was filed within 60 days of her August 22, 2006 motion and was therefore timely under the rules of civil procedure.

[¶ 8] Rule 59(j), N.D.R.Civ.P., governs motions to alter or amend a judgment and requires filing of the motion "no later than 15 days after notice of entry of the judgment." Schutt filed her motion to alter or amend a judgment on September 6, 2006,

the fifteenth day after the filing of Schutt's August 22, 2006 motion. Therefore, this motion was also timely under the rules of civil procedure.

■ [¶ 9] Because Schutt's motions were filed under N.D.R.Civ.P. 59, the time for filing her appeal did not commence until a final disposition of the motions. The rules of appellate procedure provide:

If a party timely files with the clerk of district court any of the following motions under the North Dakota Rules of Civil Procedure, the full time to file an appeal runs for all parties from service of notice of the entry of the order disposing of the last such remaining motion: ... (iv) to alter or amend the judgment under Rule 59; (v) for a new trial under Rule 59.

N.D.R.App.P. 4(a)(3)(A).

■ [¶ 10] We note that Rule 59 motions are not appropriate either for modifications of custody or visitation orders. This Court has said, "a Rule 59 motion 'is not tailored to meet circumstances unique to custodial placement.' " *Hanson v. Hanson*, 2003 ND 20, ¶ 5, 656 N.W.2d 656 (citation omitted). "A Rule 59(j) motion to alter or amend is not the appropriate vehicle to move for a change of custody once the judgment has been entered." *Hanson*, at ¶ 5. This Court has also said a Rule 59(b) motion for a new trial was inappropriate and the district court should have evaluated the case under the appropriate statute governing modification. *Lovin v. Lovin*, 1997 ND 55, ¶ 13, 561 N.W.2d 612. These concepts apply equally to modification of visitation orders, which should be sought under section 14–05–22, N.D.C.C., rather than pursuant to Rule 59.

■ [¶ 11] Even though Rule 59 motions for relief are not the correct avenue for seeking substantive relief in modification of visitation proceedings, the fact re-

mains Schutt filed Rule 59 motions and, as a procedural matter, the time for appeal was tolled until the motions were decided. The district court denied Schutt's motions in its October 31, 2006 order. Her notice of appeal was filed on December 27, 2006 and is timely under N.D.R.App.P. 4(a).

## B

[¶ 12] Schutt also appeals from the October 31, 2006 order denying her motion for a new hearing and denying her motion to amend judgment, appealable under N.D.C.C. § 28–27–02(5) and (2). There was no notice of entry of the order on the record, nor have we been shown clear evidence Schutt actually knew of the order. Schutt filed a notice of appeal of this order on December 27, 2006, and on the record before us we conclude her notice of appeal is timely under N.D.R.App.P. 4(a).

## III

[¶ 13] Schutt argues the district court erred by denying her motions to modify visitation and mandating supervised visitation for two years. Schutt contends that her therapist's testimony showed a material change in circumstances and that an arbitrary time limit of two years violates the standard for modification of visitation.

■ [¶ 14] "A district court's decision on visitation is a finding of fact and will not be reversed unless it is clearly erroneous." *Wilson v. Ibarra*, 2006 ND 151, ¶ 9, 718 N.W.2d 568 (citation omitted). "A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after review of the entire record, we are left with a definite and firm conviction a mistake has been made." *Id.* (citation omitted).

■ [¶ 15] Although the analysis is similar, the district court mistakenly ap-

plied N.D.C.C. § 14–09–06.6, which provides limitations on post-judgment child custody modifications. Section 14–09–06.6(6), N.D.C.C., requires the moving party to show a "material change has occurred in the circumstances of the child or the parties" and, if shown, that the "modification is necessary to serve the best interest of the child." However, once an initial custody decision has been made, visitation modifications are governed by a different statute, N.D.C.C. § 14–05–22(2).

[¶ 16] Subsection 2, N.D.C.C. § 14–05–22, requires the court to "grant such rights of visitation as will enable the child and the noncustodial parent to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health." A court awards visitation to a noncustodial parent "based on the best interests of the child and not the wishes or desires of the parents." *Wigginton v. Wigginton*, 2005 ND 31, ¶ 9, 692 N.W.2d 108 (citations omitted). Any subsequent modification of a visitation decision is governed by the standard set forth in our case law. *Simburger v. Simburger*, 2005 ND 139, ¶ 13, 701 N.W.2d 880.

[¶ 17] "The standard for modification of visitation is similar to a modification of custody." *Simburger*, at ¶ 13. "The moving party bears the burden of establishing that a significant change of circumstances has occurred since the prior visitation order and that it is in the best interests of the child to modify the order." *Id.* Section 14–09–06.6, N.D.C.C., "however, includes several provisions for parties seeking a custody modification that we have never required for a modification of visitation, including the requirement that the movant establish a prima facie case prior to entitlement of an evidentiary hearing." *Simburger*, at ¶ 13; N.D.C.C. § 14–

09–06.6(4). "[M]odification of visitation is not governed by N.D.C.C. § 14–09–06.6." *Simburger*, at ¶ 14.

[¶ 18] As the moving party in the visitation modification action, Schutt had the burden of establishing a material change of circumstances occurred since the prior visitation order. " 'This Court has defined a material change in circumstances as important new facts that were unknown at the time of the initial custody decree.' " *Ibach v. Zacher*, 2006 ND 244, ¶ 8, 724 N.W.2d 165 (quoting *Lanners v. Johnson*, 2003 ND 61, ¶ 7, 659 N.W.2d 864).

[¶ 19] The district court denied Schutt's motion for a new hearing and motion to amend judgment on the basis of N.D.C.C. § 14–09–06.6. The district court concluded, "[T]he movant has offered no affidavit or other evidence in support of said motion for new hearing or motion to amend judgment." Schutt's evidence showed she receives counseling treatment but nothing more. She alleged her children are lying to their professional counselors, but did not call either counselor as a witness. Based on this record, Schutt has failed to convince us the district court clearly erred when it found no material change in circumstances. The district court's order of supervised visitation for two years may, of course, be modified at any time if either party shows that a significant change in circumstances occurred *and* that it is in the best interests of the children to modify the order. (Emphasis added.)

IV

[¶ 20] Schutt argues the district court improperly delegated its decision-making authority to the therapists with respect to visitation. Because the district court did not err when finding a lack of a material change in circumstances, the dis-

trict court was not required to conduct a best interests of the child analysis. We therefore do not reach this issue since Schutt failed to show a material change in circumstances.

## V

[¶ 21] Separate from visitation, Schutt's May 15, 2006 motion requested that the court order family therapy. At the conclusion of the July 21, 2006 hearing, the court said it was considering appointing a licensed family therapist to review the therapy records of each child and each party and to advise the court whether family therapy would be appropriate. On July 24, 2006 the district court issued a notice giving the children's therapists and Schutt's therapist an opportunity to provide the court with the names of family therapists whom they thought could advise the court. On July 26, 2006, one child's therapist replied to the court by providing a therapist's name and also by providing an unsolicited recommendation against family therapy. Another therapist apparently responded to the court on August 1, 2006, but that letter is not part of the record below. Schutt did not have the opportunity to respond to either letter.

[¶ 22] On August 16, 2006 the district court denied Schutt's motion to modify visitation and her request for family therapy. That order cited the therapists' letters and recognized both therapists recommended "that it is not in the best interest of [the] minor children to engage in family therapy at this time." The court concluded in the same order that "a review of the records and files herein for the purpose of determining the appropriateness of family therapy would be a fruitless effort at this time." Schutt argues on appeal that the district court improperly considered the therapists' post-hearing letters without allowing her the opportunity to cross-examine the therapists. We agree.

[¶ 23] N.D.R.Ev. 706 provides:

The court, on motion of any party or its own motion, may enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness may not be appointed by the court unless the witness consents to act. A witness so appointed must be informed of the witness' duties by the court in writing, a copy of which must be filed with the clerk, or at a conference in which the parties have opportunity to participate. A witness so appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness is subject to cross-examination by each party, including a party calling the witness.

The district court requested names of potential court experts, apparently under Rule 706. However, when the therapists provided substantive information to the court rather than nominations for a court expert, the record does not show that the court otherwise followed the mandates of Rule 706. What the record does show is that the court relied on substantive recommendations made by one or more of the responding therapists, and that Schutt did not have an opportunity to cross-examine the therapists prior to the court's order. We therefore reverse that portion of the district court's order denying family therapy and remand so that Schutt may have an opportunity to respond to the therapists' letters prior to the court ruling on her motion for family therapy.

## VI

[¶ 24] Schutt argues the district court abused its discretion in awarding attorney's fees of $100 to Helfenstein because the district court did not consider her financial situation.

[¶ 25] The awarding of attorney's fees is within the district court's discretion and will not be disturbed on appeal unless the appealing party shows the district court abused its discretion. *Simburger*, 2005 ND 139, ¶ 21, 701 N.W.2d 880 (citation omitted). A district court "abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner." *Id.* This appeal follows eleven motions regarding visitation Schutt has filed since August 16, 2005. Helfenstein requested $500 in attorney's fees because he alleged Schutt's May 16, 2006 motion to review visitation was "completely frivolous, lacking in merit, and without any proof that a change would benefit the children." The October 31, 2006 district court order granted Helfenstein $100 in attorney's fees without explanation. Although we strongly prefer that the district court explain the reason for awarding attorney's fees, based on the timing, number and similar subject matter of Schutt's visitation-related motions, and in view of the modest fees awarded, we conclude the district court did not abuse its discretion.

## VII

[¶ 26] Helfenstein requests attorney's fees for this appeal. Because Helfenstein does not allege, and we do not conclude, Schutt's appeal was frivolous, we do not grant his request for attorney's fees for this appeal. *See, e.g., Lawrence v. Delkamp*, 2003 ND 53, ¶ 14, 658 N.W.2d 758.

## VIII

[¶ 27] We affirm the district court's October 31, 2006 order. We also affirm that part of the court's August 16, 2006 order denying the motion to modify visitation, but reverse that portion of the order relating to family therapy and remand for further proceedings consistent with this opinion.

[¶ 28] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., and BENNY A. GRAFF, S.J., concur.

[¶ 29] The Honorable BENNY A. GRAFF, S.J., sitting in place of SANDSTROM, J., disqualified.