2008 ND 187

**Lana K. EBACH, Plaintiff and Appellee**

v.

**Donald M. EBACH, Defendant and Appellant.**

No. 20080057.

Supreme Court of North Dakota.

Oct. 22, 2008.

Patricia E. Garrity, Bair, Bair & Garrity, LLP, Mandan, N.D., for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, N.D., for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Donald Ebach appeals from an order denying his motion to reduce or eliminate his spousal support obligation to Lana Ebach. We conclude the district court failed to make sufficient findings of fact to allow this Court to properly review its decision, and we reverse and remand for additional findings.

I

[¶ 2] Donald and Lana Ebach divorced in 1997. At the time of the divorce, Lana Ebach was 52 years old, was earning $16,495 annually employed as an eligibility worker with Sheridan County Social Services and had been diagnosed with multiple sclerosis. Donald Ebach was 54 years old and was employed as a service representative with Otter Tail Power Company, earning $48,250 annually.

[¶ 3] As part of the divorce, the court distributed the parties' property, including Donald Ebach's pension plan with Otter Tail Power. Lana Ebach was awarded one-half of the share of the pension plan proceeds attributed to the years of marriage; however, the value of the pension plan was unknown at the time of the divorce.

[¶ 4] Due to Lana Ebach's age and medical condition, and because her income from work and retirement benefits would be less than Donald Ebach's, the court ordered Donald Ebach to pay Lana Ebach permanent spousal support of $750 per month. The court noted that spousal support may be modified upon a showing of a material change in circumstances and that a "deterioration in Lana's medical condition or Donald's retirement would, in this court's opinion, constitute such a change of circumstances."

[¶ 5] In 2004, Donald Ebach moved to modify his spousal support obligation because he planned to retire from Otter Tail Power Company in February 2005 at the age of 62. Donald Ebach argued his spousal support payment should be terminated because he will receive only $1,243 per month from his Otter Tail Power pension and $1,270 per month in social security benefits after he retires. Donald Ebach also argued Lana Ebach will begin receiving benefits from his retirement plan, increasing her monthly income.

[¶ 6] A hearing was held before a different judge than the one who presided over the parties' divorce. Donald Ebach testified that he had medical problems, that he was having trouble continuing to do his job, and that Lana Ebach would benefit if he retired at age 62 instead of at age 65. The district court denied Donald Ebach's motion, finding there was not a material change in circumstances because his health is average for someone his age,

he had voluntarily retired before the average retirement age of 65, he had the ability to continue working until he is 65 and he had an obligation to support Lana Ebach. Donald Ebach appealed, and this Court affirmed the district court's decision, concluding the "court's finding that Donald [Ebach] failed to show a material change of circumstances ... [was] not clearly erroneous." *Ebach v. Ebach*, 2005 ND 123, ¶ 20, 700 N.W.2d 684.

[¶ 7] In July 2007, Donald Ebach moved for an order eliminating or reducing his spousal support obligation, arguing his support obligation should be reduced or eliminated because he has reached age 65 and has retired, because Lana Ebach received funds from his retirement account she would not have received if he had waited to retire, because Lana Ebach's monthly income now exceeds his monthly income and because he has had health problems including prostate cancer. He claimed his 2008 income will be approximately $24,224 after he pays spousal support and Lana Ebach's income including spousal support will be approximately $40,920. After a hearing, the district court denied Donald Ebach's motion, finding he had failed to establish a material change in circumstances justifying the elimination or reduction of his support obligation.

## II

[¶ 8] Donald Ebach argues the district court erred in finding his retirement was not a material change in circumstances justifying a reduction or elimination of spousal support. He claims his support obligation should be reduced or eliminated because the original divorce decree said his retirement would be considered a change in circumstances, and he is now 65 years old and has retired. Donald Ebach also contends the changes in his health are material changes in circum-

stance justifying reduction or elimination of his support obligation.

[¶ 9] "The party seeking modification of spousal support bears the burden of proving there has been a material change in the financial circumstances of the parties warranting a change in the amount of support." *Rothberg v. Rothberg*, 2006 ND 65, ¶ 10, 711 N.W.2d 219. The district court's decision whether there has been a material change in circumstances to justify modifying spousal support is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. *Id.* "[A] finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire record this Court is left with a definite and firm conviction that a mistake has been made." *Quamme v. Bellino*, 2002 ND 159, ¶ 14, 652 N.W.2d 360.

[¶ 10] "A material change in circumstances [is] something which substantially affects the parties' financial abilities or needs, and the reasons for changes in income must be examined as well as the extent the changes were contemplated by the parties at the time of the initial decree or a subsequent modification." *Id.* A change contemplated at the time of the initial decree or at the time of a prior modification is not a material change in circumstances. *See Lucier v. Lucier*, 2007 ND 3, ¶ 7, 725 N.W.2d 899; *Rothberg*, 2006 ND 65, ¶ 11, 711 N.W.2d 219. In this case, however, some confusion exists about the time period that must be considered to determine whether there has been a change in circumstances. This Court has said the district court must consider whether there has been a material change in circumstances since the initial decree; however, those are generally cases where there has not been a subsequent modifica-

tion since the initial divorce decree was entered. *See, e.g., Rothberg,* at ¶ 11; *Gibb v. Sepe,* 2004 ND 227, ¶ 7, 690 N.W.2d 230. In cases where there has been a modification of the initial support obligation prior to the current motion, this Court has said the court must consider the changes that have occurred since the last modification. *See Quamme,* at ¶ 14; *Schmitz v. Schmitz,* 2001 ND 19, ¶ 10, 622 N.W.2d 176. Other jurisdictions decide spousal support modifications in a similar manner. *See In re Marriage of Smith,* 225 Cal.App.3d 469, 274 Cal.Rptr. 911, 916 (1990) (support may be modified if there has been a material change in circumstances since the last order); *Cattaneo v. Cattaneo,* 19 Conn.App. 161, 561 A.2d 967, 970 (1989) (the court must consider whether there is a change "by comparing the [parties'] financial affidavits ... at the time of the hearing ... with those filed at the time of the previous order"); *Farnsworth v. Farnsworth,* 553 S.W.2d 485, 487 n. 1 (Mo.Ct.App.1977); *Sannuto v. Sannuto,* 21 A.D.3d 901, 902–03, 800 N.Y.S.2d 601 (N.Y.App.Div.2005); *Bocchino v. Bocchino,* 464 A.2d 715, 718 (R.I.1983); *Kenyon v. Kenyon,* 2004 WI 147, ¶¶ 15–21, 277 Wis.2d 47, 690 N.W.2d 251 (a divorce decree is altered by a subsequent modification, so it is no longer appropriate to use the circumstances as they existed at the time of the divorce). When the court has denied a previous motion to modify, however, the court does not consider the circumstances at the time of the denial for purposes of determining whether there has been a material change in circumstances for subsequent motions to modify, instead the court must consider the circumstances at the time of the last order awarding support or order that modifies support in some way. *See Demartino v. Demartino,* 79 Conn.App. 488, 830 A.2d 394, 398 (2003).

[¶ 11] In this case, there was a prior motion to modify spousal support; however-er, the prior motion was denied after the court found there was not a material change in circumstances, and this Court affirmed the denial. *Ebach,* 2005 ND 123, 700 N.W.2d 684. Because the initial spousal support award has never been modified, the district court must compare the parties' financial circumstances at the time of the initial divorce decree with their current circumstances to determine whether there has been a material change in circumstances.

[¶ 12] The initial decree stated the court would consider Donald Ebach's retirement a change in circumstances; therefore Donald Ebach argues his spousal support obligation should be terminated because he has retired. However, the initial divorce decree said that spousal support may be modified upon a showing of a material change in circumstances, and that a "deterioration in Lana's medical condition or Donald's retirement would, in this court's opinion, constitute such a change of circumstances." While the district court contemplated Donald Ebach's retirement at the time of the divorce and said his retirement would be a change of circumstances that may warrant a modification of his support obligation, the court did not say his support obligation would be terminated at his retirement. Furthermore, a finding of a change in circumstances only entitles Donald Ebach to a review of his spousal support obligation. If the court finds there is a change in circumstances, the court must also consider whether the change supports a modification of spousal support. *See Lipp v. Lipp,* 355 N.W.2d 817, 819 (N.D.1984) (the initial finding of a change in circumstances does not end the inquiry, the court must also consider what caused the change). "Not every financial change in circumstances [warrants] a modification." *Meyer v. Meyer,* 2004 ND 89, ¶ 5, 679 N.W.2d 273. After determining

whether a material change in circumstances exists, the court must decide whether the change justifies modifying the support obligation and must consider and make findings about the obligor's ability to pay and the receiving spouse's needs. *See id.* at ¶ 9 (the court must make sufficient findings about how the modified support amount was determined). While the initial divorce decree states Donald Ebach's retirement would be considered a change in circumstances and therefore would warrant a review of his support obligation, the court must still review Donald Ebach's support obligation and determine whether it should be modified and what amount he should pay based on his ability to pay and Lana Ebach's need for support.

[¶ 13] The district court denied Donald Ebach's motion to modify, finding he had not met his burden of proving a material change in circumstances:

"Donald makes much of the fact that he retired early and that Lana received money she would not have had Donald worked until age sixty-five. That issue was resolved by the 2004 ruling and appeal. In his brief and at the hearing, the only changes in circumstances (other than retirement) cited by Donald are that Donald's health 'has not improved' (as opposed to has deteriorated), that Donald had surgery for prostate cancer but that there is no evidence of continuing problems, that Lana's retirement benefits have improved, and that Lana now has more monthly income than does Donald. The evidence is also that Lana's health has deteriorated, but not to the point that her ability to work has been affected. No evidence was presented that Donald's capacity to pay spousal support has changed, nor that Lana's need for spousal support has changed. The original Judgment was for 'permanent' support and contemplated the facts that Donald would retire,

that Lana would receive benefits from Donald's retirement, and that Lana had and will continue to have health issues."

"Donald has failed to establish a significant change in circumstances justifying elimination or reduction of his [spousal] support obligation."

[¶ 14] However, our review of the district court's decision is limited because the court did not make specific findings on relevant issues. Rule 52(a), N.D.R.Civ.P., requires the court to make specific, detailed findings of fact:

"the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment ... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of evidence or appear in an opinion or memorandum of decision filed by the court."

"Conclusory, general findings do not comply with [the rule]." *Rothberg*, 2006 ND 65, ¶ 14, 711 N.W.2d 219. "The purpose of Rule 52(a) is to provide the appellate court with an understanding of the factual issues and the basis of the district court's decision." *Clark v. Clark*, 2005 ND 176, ¶ 8, 704 N.W.2d 847. This Court cannot properly review a decision if the district court did not provide the evidentiary and theoretical basis for its decision because we would be left to speculate whether the court properly considered the factors for modifying support and properly applied the law. *See id.* at ¶ 9. When a court does not make the required findings, it errs as a matter of law, and it is necessary to remand for additional findings and to redetermine the issue. *See L.C.V. v. D.E.G.*, 2005 ND 180, ¶ 11, 705 N.W.2d 257.

[¶ 15] In deciding a motion to modify spousal support, the court must

make findings whether there has been a material change in circumstances, and if so, that the material change in circumstances is something that substantially affects a party's financial abilities or needs. *Quamme*, 2002 ND 159, ¶ 14, 652 N.W.2d 360. The court must include specific findings about the parties' financial needs and abilities and the financial changes.

[¶ 16] In this case, the district court's findings are brief and conclusory. The court found, "No evidence was presented that Donald's capacity to pay spousal support has changed, nor that Lana's need for spousal support has changed." The court did not say why it found there was not a change in circumstances, and we are not sure what the court relied on for its ultimate finding. The initial divorce decree states that Donald Ebach's retirement would be considered a change in circumstances, and this Court has said a reduction in income due to voluntary retirement "may be a valid basis for a modification of spousal support." *Sommer v. Sommer*, 2001 ND 191, ¶ 20, 636 N.W.2d 423. The district court did not explain why Donald Ebach's reduction in income resulting from his retirement is not a change in circumstances. The court did not make any findings about the evidence presented about the parties' financial circumstances, which included evidence of Lana Ebach's current income, retirement accounts, investments, future social security benefits, tax returns, and other financial records; Donald Ebach's income, retirement accounts, social security benefits, and tax returns; both parties' expenses; Lana Ebach's projected retirement income and expenses; and their current health conditions. Donald Ebach argued his income is less than Lana Ebach's, and there were no findings about the change in Donald Ebach's income and his ability to continue paying the same amount of support or detailed findings about Lana Ebach's need for support.

We conclude the district court failed to provide sufficient findings to allow this Court to properly review its decision.

### III

[¶ 17] We reverse and remand for further findings and for the court to redetermine whether Donald Ebach's support obligation should be modified.

[¶ 18] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.