Filed 6/30/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 114

David Vanderscoff, Plaintiff, Appellant, and

 Cross-Appellee

v.

Elaine Vanderscoff, Defendant, Appellee, and

 Cross-Appellant

No. 20080318

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Donald L. Jorgensen, Judge.

AFFIRMED.

Per Curiam.

Irvin B. Nodland (argued), P.O. Box 640, Bismarck, N.D. 58502-0640, for plaintiff, appellant, and cross-appellee.

David D. Schweigert (argued) and Karen L. McBride, P.O. Box 955, Bismarck, N.D. 58502-0955, for defendant, appellee, and cross-appellant.

Vanderscoff v. Vanderscoff

No. 20080318

Per Curiam.

[¶1] David Vanderscoff appeals a district court order denying his motion to amend the divorce judgment to reduce his $15,000 a month spousal support obligation to Elaine Vanderscoff.  David Vanderscoff argues the district court erred in refusing to modify his spousal support based on a substantial reduction in his income, change in his employment status, change in his financial circumstances, and his arrival at retirement age and status.  The district court found David Vanderscoff was a mathematician and qualified actuary, he owned multiple, active businesses that had income-producing potential, and one of his businesses reported $994,386.17 in total revenue from October 1, 2006, to September 30, 2007.  The district court relied on the expert testimony of a certified public accountant who testified that David Vanderscoff had claimed $398,689 as depreciation from real estate investments and, as a result of the adjustment made for the depreciation and excessive business expenses, the expert estimated David Vanderscoff’s current income to be $697,600. The court also found David Vanderscoff was sixty-four years of age, in good health, had the education, experience, and opportunity to generate substantial income, and was not retired. The district court concluded David Vanderscoff’s monthly spousal support payment represented twenty-five to thirty percent of his income and he had the means and capacity to continue paying spousal support.

[¶2] We will not reverse a district court’s decision on whether a material change in circumstances exists to justify modifying spousal support unless the court’s findings are clearly erroneous.  
Ebach v. Ebach
, 2008 ND 187, ¶ 9, 757 N.W.2d 34.  “A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire record this Court is left with a definite and firm conviction that a mistake has been made.”  
Id.
  The district court’s findings are supported by evidence in the record and its findings are not clearly erroneous.  We affirm under N.D.R.App.P. 35.1(a)(2).

[¶3] Elaine Vanderscoff cross-appeals, arguing the district court erred in failing to permit her to present her statement of costs and disbursements.  We affirm under N.D.R.App.P. 35.1(a)(4).

[¶4] Mary Muehlen Maring

David W. Nelson, D.J.

Everett Nels Olson, S.J.

Benny A. Graff, S.J.

Daniel J. Crothers

[¶5] The Honorable David W. Nelson, D.J., the Honorable Benny A. Graff, S.J., and the Honorable Everett Nels Olson, S.J., sitting in place of VandeWalle, C.J., Sandstrom, J., and Kapsner, J., disqualified.