Filed 8/17/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 156

Celestine Eleanore Praus, Plaintiff and Appellee

v.

Ervin Anton Praus, Defendant and Appellant

No. 20090354

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Bethany Joy Abrams (argued) and Sandra Kay Kuntz (appeared), 38 2nd Avenue East, Dickinson, N.D. 58602-1097, for plaintiff and appellee.

Lawrence A. Dopson (argued) and Shawnda R. Ereth (on brief), P.O. Box 1695, Bismarck, N.D. 58502-1695, for defendant and appellant.

Praus v. Praus

No. 20090354

Sandstrom, Justice.

[¶1] Ervin Praus appeals from an order denying his N.D.R.Civ.P. 60(b) motion for clarification of and relief from a judgment granting Celestine Praus a divorce from him and distributing their marital property.  Because Ervin Praus failed to establish any grounds for relief from the divorce judgment, we conclude the district court did not abuse its discretion in denying the motion.  We affirm.

I

[¶2] Ervin and Celestine Praus were married in 1963 in New England.  The couple separated in December 2006, and Celestine Praus sued for a divorce in October 2007.  On the basis of Ervin Praus’s history of domestic violence, the district court issued an ex parte interim protection order excluding Ervin Praus, who lived in Dickinson, from Celestine Praus’s residence in South Heart during the pendency of the action.  In February 2008, the court granted his attorney’s motion to withdraw from the case because he had hired another attorney to represent him.  In July 2008, the court granted Celestine Praus’s motion to compel discovery and “reserved” her motion to hold Ervin Praus in contempt for failure to comply with discovery requests.  The parties jointly filed their N.D.R.Ct. 8.3 joint property and debt listing outlining the values of the marital property on December 4, 2008.  At the time, Celestine Praus was 64 years old with a monthly gross income of $435, and Ervin Praus was 68 years old with a monthly gross income of $1,443. 

[¶3] A day-long court trial was scheduled for December 8, 2008.  The district court gave the parties an opportunity to attempt a settlement.  Celestine Praus, represented by two attorneys, and Ervin Praus, represented by two attorneys, negotiated in the courthouse for much of the day and reached a settlement on the disposition of the parties’ real and personal property and other matters.  One of the provisions of the settlement agreement, which was read into the record, provided:

3.  
Spousal Support/Alimony
.  The parties agree that the Plaintiff has made significant economic sacrifices as a result of the marriage.  Plaintiff’s income is limited due to the economic sacrifices she has made throughout the marriage, and Defendant has economically received the benefit of those sacrifices.  Defendant has the ability to pay spousal support, and Plaintiff has an ongoing need for spousal support.  
The parties agree that in lieu of an ongoing monthly obligation, that the Plaintiff shall receive a disproportionate percentage of marital property as outlined below
.  The parties further acknowledge that this Agreement regarding spousal support/alimony is contractual in nature and based upon all of the mutual promises and considerations herein stated and shall not be subject to change or modification by the parties or by any court.

(Emphasis added.)  The district court ruled “the contractual divorce Settlement Agreement entered into by the parties is both fair and equitable, and is hereby approved by the Court, and the material provisions thereof shall be incorporated in the Judgment entered herein.”  

[¶4] In May 2009, four months after entry of the divorce judgment, Ervin Praus moved for clarification of and relief from the divorce judgment under N.D.R.Civ.P. 60(b).  Celestine Praus responded with a motion to hold him in contempt for failing to deliver funds awarded to her in the divorce decree.  He alleged he had mistakenly entered into the agreement because of mental confusion and physical fatigue caused by his hospitalization shortly before the trial date.  He has diabetes and had several strokes before divorce proceedings were initiated.  He claimed in an affidavit, “despite being asked by the Court if I understood the terms of the proposed settlement; I simply did not.  I was extremely physically and mentally fatigued and felt seriously down-trodden and not in my right mind.”  One of his attorneys claimed that the “proposed settlement agreement was contoured to structure a simple 50/50 split of the marital estate between the parties,” but then acknowledged that “Defendant’s acceptance of the disproportionate division of the property was based primarily on his belief that this was compensation for fault.”  Ervin Praus alleged he received property worth $263,420.89 and Celestine Praus received property worth $528,109.62.  She disputed the figures.  

[¶5] At the hearing on the motions, Ervin Praus testified he was “upset and confused” on the date set for the divorce trial.  His attorney conceded, “Everybody knew about these values ahead of time,” and stated he “had no real concept or idea . . . of Mr. Praus’s mental disposition at the time.”  The attorney also claimed he “became confused” during negotiations and believed the parties’ individual property and debt listings were what each party would receive under the settlement agreement.  The attorney argued the disproportionate award of marital property was “inequitable” and proposed that Ervin Praus be awarded additional property to make an “equitable distribution” in exchange for his paying Celestine Praus approximately $30,000 in spousal support over a three-year period.

[¶6] The district court granted Celestine Praus’s motion and denied Ervin Praus’s motion for clarification of and relief from the judgment:

No evidence was presented to support Defendant’s claim that he was not of sound mind on the date of trial and agreement to the settlement terms.  There was no indication to any of the parties or counsel present that day of a problem with Defendant’s mental status.  All parties and counsel knew all of the information, numbers, property, and basis upon which the settlement was based.  Defendant has not met his burden set forth in Rule 60(b) that the finality of the judgment should be disturbed.

[¶7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  The appeal was timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

II

[¶8] Represented by a different attorney on appeal, Ervin Praus argues the district court’s decision should be reversed because the parties’ settlement agreement is procedurally and substantively unconscionable and because the agreement resulted from mistake, duress, fraud or undue influence.

[¶9] We review a district court’s denial of a motion to vacate a judgment under the abuse of discretion standard.  
Vann v. Vann
, 2009 ND 118, ¶ 10, 767 N.W.2d 855.  A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.  
Cartier v. Northwestern Elec., Inc.
, 2010 ND 14, ¶ 10, 777 N.W.2d 866.

[¶10] In 
Vann
, 2009 ND 118, ¶ 14, 767 N.W.2d 855, we explained:

An agreement is unconscionable if it is one no rational, undeluded person would make, and no honest and fair person would accept, or is blatantly one-sided and rankly unfair.  Unconscionability is a doctrine by which courts may deny enforcement of a contract because of procedural abuses arising out of the contract formation, or because of substantive abuses relating to the terms of the contract.  To determine a settlement agreement is unconscionable there must be some showing of both procedural and substantive unconscionability and courts must balance the various factors, viewed in totality, to make its determination. 

(quoting 
Eberle v. Eberle
, 2009 ND 107, ¶ 18, 766 N.W.2d 477).  “Whether an agreement is unconscionable is a question of law, but findings of fact are necessary to make a determination.”  
Eberle
, at ¶ 17.

A

[¶11] Ervin Praus argues the settlement agreement is procedurally unconscionable. 

[¶12] “Procedural unconscionability focuses on the formation of the agreement and the fairness of the bargaining process.”  
Vann
, 2009 ND 118, ¶ 14, 767 N.W.2d 855.  While we have noted the involvement of only one attorney in the bargaining process is “troubling” in assessing procedural unconscionability, 
id.
 at ¶ 16, in this case each party had two attorneys involved in the bargaining process.  The parties and their attorneys negotiated the settlement agreement throughout most of the day scheduled for the divorce trial.  One of Ervin Praus’s attorneys described the process at the hearing on the motions:

Mr. Praus and Mr. Murtha were upstairs on the 3rd floor of the building in a conference room set aside and Mrs. Praus and her two lawyers were down stairs and I was sort of an interloper going back and forth, back and forth, back and forth with concepts, ideas, propositions, offers, counteroffers, rejections and so forth and so on.

[¶13] There was nothing unfair about the bargaining process leading to the formation of the parties’ agreement.  We conclude the settlement agreement is not procedurally unconscionable.

B

[¶14] Ervin Praus argues the settlement agreement is substantively unconscionable.

[¶15] 
“Substantive unconscionability focuses on the harshness or one-sidedness of the agreement’s provisions.”  
Vann
, 2009 ND 118, ¶ 14, 767 N.W.2d 855.  The agreement must be of the kind “no rational, undeluded person would make, and no honest and fair person would accept.”  
Weber v. Weber
, 1999 ND 11, ¶ 15, 589 N.W.2d 358.  Even if we accept Ervin Praus’s disputed monetary calculations, he received one-third of the marital estate, 
compare
 
Vann
, at ¶¶ 19, 26 (receipt of 7.5 percent of marital assets did not render agreement substantively unconscionable), in exchange for no spousal support obligation.  The parties were married for almost 45 years, and he  acknowledged in the agreement that Celestine Praus’s income is limited because of the economic sacrifices she made throughout the marriage.  The agreement specifically provided the disparate property distribution was intended to relieve him  of any monthly spousal support obligation, and his attorney stated the disparity was also intended to compensate for “fault” and “delay in the proceedings.”  

[¶16] We conclude the agreement is not substantively unconscionable.

C

[¶17] Ervin Praus argues the judgment must be set aside under N.D.R.Civ.P. 60(b) for “mistake, duress, fraud or undue influence of Ervin Praus or others.”

[¶18] “A party seeking relief under N.D.R.Civ.P. 60(b)(i) ‘“must make some showing of why he was justified in failing to avoid mistake or inadvertence.”’” 
American Bank Center v. Schuh
, 2010 ND 124, ¶ 10 (quoting 
United States v. O’Neil
, 709 F.2d 361, 373 (5th Cir. 1983)).  Although Ervin Praus relies on his medical condition and his attorney’s alleged confusion, the district court judge who denied the motion was also the judge who approved the settlement.  The judge noted in his oral decision that “there was no indication, from anybody, that Mr. Praus was having a problem that day, that he didn’t understand.  I don’t have any doctor’s report, either indicating before the hearing or after the hearing that he was suffering anything.  I only have what he claims.”  
The district court simply did not believe his unsupported and self-

serving statements about his mental condition, or his attorney’s claim of confusion.  
We do not reassess the credibility of witnesses on appeal.  
See
 
Fleck v. Fleck
, 2010 ND 24, ¶ 7, 778 N.W.2d 572; 
Manning v. Manning
, 2006 ND 67, ¶ 17, 711 N.W.2d 149.  Moreover, “‘[m]ere misjudgment or careless failure to evaluate do[es] not suffice’” to establish mistake or inadvertence.  
Follman v. Upper Valley Special Educ. Unit
, 2000 ND 72, ¶ 11, 609 N.W.2d 90 (quoting 
O’Neil
, 709 F.2d at 373).

[¶19] There was no evidence presented to support Ervin Praus’s claims of duress, fraud, and undue influence.  A motion under N.D.R.Civ.P. 60(b) is not intended to “be used to relieve a party from free, calculated and deliberate choices he or she has made.”  
Shull v. Walcker
, 2009 ND 142, ¶ 14, 770 N.W.2d 274.  We conclude the district court did not abuse its discretion in denying Ervin Praus’s motion for clarification of and relief from the judgment.

III

[¶20] The order is affirmed.

[¶21] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.