Filed 8/18/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 158

Karen K. Leverson, Plaintiff and Appellee

v.

Daniel W. Leverson, Defendant and Appellant

No. 20100396

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Robert O. Wefald, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Kapsner, Justice.

Irvin B. Nodland, P.O. Box 640, Bismarck, N.D. 58502-0640, for plaintiff and appellee.

Rodney Ervin Pagel, 1715 Burnt Boat Drive, Madison Suite, Bismarck, N.D. 58503, for defendant and appellant.

Leverson v. Leverson

No. 20100396

Kapsner, Justice.

[¶1] Daniel W. Leverson appeals from an order denying his motion to terminate or reduce his spousal support obligation to Karen K. Leverson.  We conclude the district court erred in ruling an award of spousal support to Karen Leverson under the parties’ settlement agreement incorporated into the divorce judgment was part of the marital property distribution which could not be modified.  We reverse the order and remand to the district court to address whether Daniel Leverson established that a material change of circumstances has occurred to justify modification of his spousal support obligation.

I

[¶2] Daniel and Karen Leverson divorced in 2005 after a nearly 34-year marriage.  The divorce judgment incorporated the terms of the parties’ settlement agreement.  As part of the division of marital property, Karen Leverson was awarded a daycare building in Mandan the parties were purchasing on a contract for deed, and she was given the responsibility for the debt remaining on the contract for deed.  Daniel Leverson was also ordered to pay Karen Leverson $30,000.  Daniel Leverson was awarded the parties’ family home in Bismarck and a parcel of property in Fargo, and he was given responsibility for the debts remaining on the two mortgages.  Daniel Leverson was also awarded the parties’ interests in two successful restaurant businesses in Bismarck and Fargo, subject to all debts on the businesses.  

[¶3] Section 9 of the divorce judgment addresses spousal support and provides:

9.  
Spousal Support
.  Upon entry of Judgment, Dan shall pay Karen $3,000 per month for spousal support until she dies or remarries, whichever comes first.  Karen agrees payment of said amount may be split equally between one payment on the first day of each month and the other on the 15th.  At the time that Karen begins to draw Social Security or is age 65, whichever comes first, the $3,000 will be reduced by the amount of her Social Security payment.  Dan shall pay the cost of the premium for Karen’s health insurance until she dies or remarries or if it becomes available to Karen at no cost or nominal cost, whichever comes first.

Dan’s income shall be subject to immediate income withholding pursuant to N.D.C.C. § 14-05-25.2.  All spousal support payments shall be made payable to the State Disbursement Unit, P.O. Box 7280, Bismarck, ND 58507-7280, as trustee for remittance to Karen, and shall be paid in a form acceptable to the State Disbursement Unit.

 

[¶4] After Karen Leverson sought and ultimately obtained a $41,621.33 money judgment in November 2009 against Daniel Leverson for unpaid spousal support, Daniel Leverson moved to reduce his spousal support obligation.  Daniel Leverson claimed he could no longer pay the ordered spousal support because the profitability of his restaurants had been substantially reduced by increased competition and a poor economy.  In denying the motion in March 2010, the district court noted, “[i]n exchange for surrendering all of her interest in both businesses and all real and personal property associated with them, Daniel agreed to pay Karen $3,000 per month in spousal support offset by any amount of Social Security Karen receives when she begins to draw Social Security.”  The court found, “[w]hile there is a material change of circumstances in the business tax revenues for his two businesses, he has not met his burden of proof as to any negative personal change of circumstances.”  Daniel Leverson did not appeal the court’s order denying his motion.

[¶5] In July 2010, Karen Leverson filed a motion to hold Daniel Leverson in contempt for his continued failure to remain current on his spousal support obligation.  In August 2010, Daniel Leverson, through a different attorney, moved to terminate or reduce his spousal support obligation.  Daniel Leverson presented additional evidence in an attempt to establish that his restaurant businesses were losing money because of “[d]ecreased volume” and “increased competition.”  Daniel Leverson presented a recent personal financial statement and testified the Fargo restaurant had closed and the Bismarck restaurant was “currently up for sale and there is a sale pending on the property.”  After expressing displeasure at Daniel Leverson’s initiation of another motion rather than an appeal of the earlier order, the district court denied the motion and held him in contempt.  The court stated:

The Court finds that in their property division Daniel got the income producing assets, and that Karen received as her share of the marital estate health insurance and $3,000 per month until she died or remarried.

The Court finds that on its face this property division is unequal and inequitable, UNLESS the $3,000 per month payment to Karen constitutes her share of the marital estate.  She asserts she gave up these businesses and her home based on Daniel’s agreement to pay her $3,000 for the rest of her life (until she died or remarried).  The Court finds that what is stated to be “spousal support” in the Judgment is in fact a division to Karen of her share of the marital estate.  Thus, under 
Baker [v. Baker
, 1997 ND 135, ¶ 7, 566 N.W.2d 806,] the Court has “no continuing power to modify a final property distribution.”  Daniel made the bargain he made to gain a divorce from Karen.  He has to live with the results of his bargain as does Karen.

 

II

[¶6] Daniel Leverson challenges only the district court’s denial of his motion to terminate or reduce his spousal support obligation.  He argues the court erred in denying the motion because the spousal support award was not part of the property division and he has established that a material change of circumstances has occurred since the divorce.

[¶7] In 
Ebach v. Ebach
, 2008 ND 187, ¶ 9, 757 N.W.2d 34, we said:

“The party seeking modification of spousal support bears the burden of proving there has been a material change in the financial circumstances of the parties warranting a change in the amount of support.”  
Rothberg v. Rothberg
, 2006 ND 65, ¶ 10, 711 N.W.2d 219. The district court’s decision whether there has been a material change in circumstances to justify modifying spousal support is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. 
Id.
  “[A] finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire record this Court is left with a definite and firm conviction that a mistake has been made.”  
Quamme v. Bellino
, 2002 ND 159, ¶ 14, 652 N.W.2d 360.

 

A

[¶8] In response to Daniel Leverson’s argument that the court erred in ruling the spousal support award was part of the parties’ property division, Karen Leverson contends the law of the case doctrine precludes Daniel Leverson from challenging the court’s ruling on the issue.  She argues the court ruled in March 2010 that the spousal support award was part of the parties’ property division when it said, “[i]n exchange for surrendering all of her interest in both businesses and all real and personal property associated with them, Daniel agreed to pay Karen $3,000 per month in spousal support offset by any amount of Social Security Karen receives when she begins to draw Social Security.”  According to Karen Leverson, Daniel Leverson’s failure to appeal the court’s March 2010 ruling precludes him from challenging the court’s ruling in this appeal.

[¶9] “Under the law of the case doctrine, a court’s decision on legal issues should govern the same issues in later stages of the same case.”  
Bertsch v. Bertsch
, 2007 ND 168, ¶ 7, 740 N.W.2d 388.  In its March 2010 decision, the district court did not rule that the $3,000 per month spousal support award was part of the parties’ property division, but specifically found at the end of its decision that “[w]hile there is a material change of circumstances in the business tax revenues for his two businesses, [Daniel Leverson] has not met his burden of proof as to any negative personal change of circumstances.”  The court’s comment about the parties’ “exchange” of property interests for spousal support is entirely consistent with this Court’s frequent admonition that “‘[p]roperty division and spousal support are interrelated and intertwined and often must be considered together.’”  
Gustafson v. Gustafson
, 2008 ND 233, ¶ 6, 758 N.W.2d 895 (quoting 
Kostelecky v. Kostelecky
, 2006 ND 120, ¶ 14, 714 N.W.2d 845); 
see also, e.g.
, 
Nuveen v. Nuveen
, 2011 ND 44, ¶ 6, 795 N.W.2d 308; 
Paulson v. Paulson
, 2010 ND 100, ¶ 9, 783 N.W.2d 262; 
Krueger v. Krueger
, 2008 ND 90, ¶ 9, 748 N.W.2d 671.  A party’s exchange of a marital property interest for an award of spousal support does not change the nature of the spousal support award into part of a division of marital property.  Because the court did not rule that the spousal support award was part of the parties’ division of marital property until its order in October 2010, which is the order before us, the law of the case doctrine does not preclude Daniel Leverson from raising the issue in this appeal.

B

[¶10] Daniel Leverson argues the district court erred in ruling the spousal support award was part of the parties’ division of marital property which is not subject to modification.

[¶11] In 
Kannianen v. White
, 2010 ND 170, ¶ 6, 788 N.W.2d 340, this Court explained:

When a settlement agreement is incorporated and merged into a judgment, we interpret and enforce only the final judgment, not the underlying contract between the parties.  
Serr v. Serr
, 2008 ND 56, ¶ 8, 746 N.W.2d 416; 
Silbernagel v. Silbernagel
, 2007 ND 124, ¶ 10, 736 N.W.2d 441.  Interpretation of a judgment is a question of law, and an unambiguous judgment may not be modified, enlarged, restricted, or diminished.  
Serr
, at ¶ 8; 
Simburger v. Simburger
, 2005 ND 139, ¶ 7, 701 N.W.2d 880. Whether a judgment is ambiguous is also a question of law.  
Serr
, at ¶ 8; 
Simburger
, at ¶ 7.

 

[¶12] The divorce judgment is not ambiguous on the question whether the $3,000 monthly payments were intended as spousal support or property distribution.  Section 9 of the divorce judgment is captioned “Spousal Support” and the term “spousal support” is used twice in the text to describe the purpose of the payments.  The text references N.D.C.C. § 14-05-25.2, which addresses the enforcement of spousal and child support orders.  The $3,000 monthly payments contain all the attributes of a spousal support award.  “The attributes of spousal support, rather than property division, are indicated if the divorce payments are directed to be monthly, unsecured, and terminable upon designated events, like death or remarriage of the obligee.”  
Baker
, 1997 ND 135, ¶ 8, 566 N.W.2d 806.  Marital property is dealt with in other sections of the judgment.  Nothing in the judgment suggests the $3,000 monthly payments constitute anything other than spousal support.

[¶13] The district court noted the property division would be “unequal and inequitable” unless the $3,000 monthly payments were considered part of her share of the marital estate.  Karen Leverson did not argue in the district court and has not argued on appeal that the parties’ settlement agreement is unconscionable.  
See, e.g.
, 
Praus v. Praus
, 2010 ND 156, ¶¶ 8-16, 786 N.W.2d 697.  “We encourage agreements between divorcing parties and have recognized that stipulated spousal support awards should be changed only with great reluctance.”  
Lucier v. Lucier
, 2007 ND 3, ¶ 15, 725 N.W.2d 899.  Various considerations are involved in negotiating the terms of a settlement agreement in a divorce action.  There are tax consequences in spousal support, 
see
 
Orgaard v. Orgaard
, 1997 ND 34, ¶ 8, 559 N.W.2d 546, as well as in property distribution.  
See
 
Neubauer v. Neubauer
, 524 N.W.2d 593, 595-96 (N.D. 1994).  Additionally, while debt stemming from a property division is dischargeable in bankruptcy, debt in the form of spousal support is not dischargeable.  
See
 
Reineke v. Reineke
, 2005 ND 132, ¶ 6, 699 N.W.2d 859.  These factors could well have been considerations in the formation of this settlement agreement, which should not have been rewritten by the district court under the circumstances.

[¶14] We conclude the district court erred in ruling the $3,000 monthly payments constituted a part of the parties’ property distribution which is not subject to modification.  The payments constitute spousal support which are subject to modification.  Because the district court did not reach the issue in this case, we reverse the order and remand for the preparation of findings of fact addressing whether Daniel Leverson has established that a material change of circumstances has occurred to justify modification of his spousal support obligation.  “Because the initial spousal support award has never been modified, the district court must compare the parties’ financial circumstances at the time of the initial divorce decree with their current circumstances to determine whether there has been a material change in circumstances.”  
Ebach
, 2008 ND 187, ¶ 11, 757 N.W.2d 34.  

[¶15] We recognize the district court’s frustration with Daniel Leverson’s use of a new motion to modify his spousal support rather than an appeal from the March 2010 denial of his first motion.  However, Daniel Leverson did present more recent evidence of his financial circumstances at the hearing on the second motion.  A court may remedy the potential abuse of successive motions by awarding the responding party attorney fees and costs under N.D.C.C. § 14-05-23, or if appropriate, under N.D.C.C. § 28-26-01(2) and N.D.R.Civ.P. 11.

III

[¶16] We reverse the order and remand to the district court to address whether Daniel Leverson established that a material change of circumstances has occurred to justify modification of his spousal support obligation.  Because the district court judge who presided over the motion has retired, the case must be reassigned on remand, and the successor judge must comply with the requirements of N.D.R.Civ.P. 63.  We deny Karen Leverson’s request for an award of attorney fees and costs for the appeal.

[¶17] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Gerald W. VandeWalle, C.J.

Sandstrom, Justice, concurring specially.

[¶18] I am concerned that the majority opinion, at ¶ 15, seems to suggest that a judge’s “frustration” may justify a decision clearly contrary to law.  I am further troubled by what may be interpreted as a majority suggestion that it may be appropriate on remand to sanction an appellant who had to appeal to secure compliance with the law.

[¶19] Dale V. Sandstrom