2011 ND 193

**STATE of North Dakota, Plaintiff
and Appellee**

v.

**Dale Allen GRESS, Defendant
and Appellant.**

No. 20110047.

Supreme Court of North Dakota.

Sept. 15, 2011.

Jacob Tyler Rodenbiker, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Dale Allen Gress (on brief), Jamestown, N.D., self-represented.

MARING, Justice.

[¶ 1]   Dale Gress appeals from the district court's order denying his motion to withdraw his guilty plea. We remand to the district court to explain the basis for its decision.

[¶ 2]   In 2006, Gress pled guilty to two counts of aggravated assault, one count of burglary, two counts of violating a domestic violence protection order, and one count of simple assault. On January 25, 2011, Gress filed a motion to suspend his sentence or to withdraw his guilty plea, arguing his plea was unconstitutional, he did not knowingly enter into the plea agreement and waive his federal constitutional rights, he is not guilty of the charges, and it would be in the interest of justice to allow him to withdraw his plea. Gress's motion included notice that a hearing would be held, but he did not schedule a time for a hearing. The State responded to Gress's motion. On February 7, 2011, the district court denied Gress's motion by writing the word "DENIED" on the motion and signing and dating it.

[¶ 3]   After the court has accepted a guilty plea and a sentence has been imposed, the guilty plea may be withdrawn only if the defendant shows it is necessary to correct a manifest injustice. *State v. Howard*, 2011 ND 117, ¶ 3, 798 N.W.2d

675; *see also* N.D.R.Crim.P. 11(d)(2). A district court has discretion in deciding whether a manifest injustice exists, and this Court reviews the court's decision for an abuse of discretion. *Howard*, at ¶ 3.

■ [¶ 4] However, we cannot properly review a decision if the district court does not provide an explanation of the basis for its decision because we would be left to speculate whether the court properly applied the law. *See In re Vondal*, 2011 ND 59, ¶ 8, 795 N.W.2d 343; *Ebach v. Ebach*, 2008 ND 187, ¶ 14, 757 N.W.2d 34; *State v. Schmitt*, 2001 ND 57, ¶ 12, 623 N.W.2d 409. In this case, the district court failed to provide any explanation of its decision. Therefore, we retain jurisdiction and remand for the court to expeditiously explain the basis for its denial of Gress's motion.

[¶ 5] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, concur.